ANNA SCHLATTER et al., Plaintiffs, *v.* TOWN OF HEMPSTEAD et al., Defendants.

Supreme Court, Nassau County, October 15, 1943.

*George R. Brennan* for Town of Hempstead, defendant.

*I. Robert Shniper* for plaintiffs.

*Thomas S. Colombo* for Anna Calabrese, defendant.

*Cohen & McGuirk* for Lena Palermo, defendant.

C. A. JOHNSON, J. The defendant Town of Hempstead moves, under subdivision 5 of rule 106 of the Rules of Civil Practice, for the dismissal of the complaint herein on the ground that it fails to state a cause of action against the defendant Town.

The action is for injuries claimed to have been sustained in a fall on an allegedly defective sidewalk on the south side of Hempstead Turnpike, a State highway. The sidewalk is alleged to have been constructed and maintained by the defendant Town. However, the complaint fails to allege the giving of notice of the defect to the Town as required by section 215 of the Highway Law. The allegation of " due notice " to the defendants contained in paragraph " THIRTEENTH " of the complaint is a mere conclusion and entirely insufficient as an allegation of fact.

The plaintiffs contend that section 215 of the Highway Law has no application to injuries occurring on sidewalks adjacent

to State highways, the duty of maintaining which is imposed upon the Town by subdivision 18 of section 140 of the Highway Law. With this interpretation I am unable to agree. The phrase, " its sidewalks ", as used in section 215 of the Highway Law, clearly applies to all sidewalks as to which the Town is charged with the duty of maintenance. That is the conclusion reached by Mr. Justice Hooley of this court in *Strauch* v. *Town of Oyster Bay* (263 App. Div. 833) which involved an injury allegedly sustained upon a sidewalk adjacent to a county road.

The motion to dismiss the complaint is granted. Plaintiff may serve an amended complaint within twenty days after service of the order hereon.