EDITH F. BOYLE, Plaintiff, *v.* E. C. HOLDING CORPORATION et al., Defendants.

Supreme Court, Special Term, Suffolk County, June 17, 1948.

*John P. Cohalan, Jr.,* for Town of Islip, defendant.

*Robbins, Wells & Walser* for plaintiff.

COLDEN, J. Motion for an order dismissing the complaint as to the defendant Town of Islip on the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action against said defendant. This is a snow and ice case in which it is alleged that the defendant E. C. Holding Corporation permitted snow and ice to accumulate upon the sidewalk in front of its premises on Main Street, Bay Shore. Paragraphs thirteen and fourteen of the complaint allege that on or about February 7, 1948, the defendant Town of Islip " by its agents, servants and employees, shoveled accumulations of snow and ice and slush then accumulated upon the sidewalk ", and that the defendant, Town of Islip on or about said date " wrongfully, negligently and improperly caused such snow and ice and slush, which had so accumulated upon said sidewalk, to be shoveled into piles. and instead of removing the same or shoveling the same into the bed of the highway, or into a truck or other appropriate receptacle, allowed such piles of ice, snow and slush to remain on said sidewalk and to freeze and to become hard and slippery, thereby causing an accumulation of snow and ice and also creating thereby a nuisance upon said sidewalk." Appropriate allegations follow alleging that by reason of the wrongful, negligent and unlawful acts of the defendants and the continued maintenance of the conditions and nuisance referred to, the plaintiff slipped on said ice, snow and accumulations of frozen ice, snow and slush, and fell and was precipitated to the ground and as a result thereof sustained serious bodily injuries.

In support of its motion, the defendant Town of Islip relies upon subdivision 2 of section 215 of the Highway Law, the pertinent part of which provides that " No civil action shall be maintained against any town or town superintendent of highways for damages or injuries to person or property sustained

by reason of *the existence of snow or ice* upon any of its sidewalks, nor shall any action be maintained for damages or injuries to person or property sustained in consequence of *such existence of snow or ice* unless written notice thereof, specifying the particular place, was actually given to the town clerk or to the town superintendent of highways, and there was a failure or neglect to cause * * * such snow or ice to be removed, or to make the place otherwise reasonably safe within a reasonable time after the receipt of such notice." (Italics supplied.)

The defendant Town of Islip misconstrues the complaint. Section 215 of the Highway Law is applicable where it is sought to charge the town merely by reason of the *existence of snow and ice*. The instant complaint is not predicated upon the passive negligence of the defendant town. On the contrary it asserts that the defendant town was an active tort-feasor whose unlawful acts caused the injuries concerning which the plaintiff sues. Plaintiff does not sue because of the *existence* of snow and ice. She sues because of the alleged wrongful acts of the defendant Town of Islip. Her complaint is sufficient. The motion of the defendant Town of Islip is denied, with $10 costs. Settle order on notice.