Agnes K. Walker et al., Plaintiffs, *v.* Town of Huntington et al., Defendants.

Supreme Court, Special Term, Suffolk County, July 6, 1951.

*E. Merritt Weidner* for Town of Huntington, defendant.

*Kuzmier, Zweibel, McKeon & Schmitt* for plaintiffs.

COLDEN, J. In this action to recover damages for injuries sustained by the female plaintiff when she tripped and fell over a " valve or opening " located in a public sidewalk of the defendant town, the town has moved to dismiss the complaint for legal insufficiency in that it fails to allege the giving of notice of the sidewalk defect as required by the Highway Law (§ 215, subd. 2).

" No civil action ", reads the statute in question, " shall be maintained against any town * * * for damages or injuries to person or property sustained by reason of any defect in its sidewalks * * * unless such sidewalks have been constructed or are maintained by the town or the superintendent of highways of the town pursuant to statute, nor shall any action be maintained for damages or injuries to person or

property sustained by reason of such defect  *  *  *  unless written notice thereof, specifying the particular place, was actually given to the town clerk or to the town superintendent of highways, and there was a failure or neglect to cause such defect to be remedied,  *  *  *  or to make the place otherwise reasonably safe within a reasonable time after the receipt of such notice.'' By that enactment, the Legislature has evinced its intention strictly to limit the liability of *towns* for injuries arising out of defects in its *sidewalks*. (*Rupert* v. *Town of West Seneca*, 293 N. Y. 421.) Unless the fact of construction or maintenance by the town or superintendent of highways of the town pursuant to statute and the giving of *written* notice to the specified officer are alleged in a complaint, it fails to state facts sufficient to constitute a cause of action against the town. (*Schlatter* v. *Town of Hempstead*, 182 Misc. 545.)

No notice, it is true, need be given to a town where it has itself created the condition which caused the injury. (*Boyle* v. *E. C. Holding Corp.*, 193 Misc. 204; *Stoll* v. *Town of Greenburgh*, N. Y. L. J., June 12, 1946, p. 2339, col. 3, citing *Cosgrove* v. *City of Newburgh*, 244 App. Div. 104, affd. 273 N. Y. 542.) As was said in *Boyle* v. *E. C. Holding Corp.* (*supra*, p. 206) : '' The instant complaint is not predicated upon the *passive* negligence of the defendant town. On the contrary it asserts that the defendant town was an *active* tort-feasor whose *unlawful* acts caused the injuries concerning which the plaintiff sues.'' (Emphasis supplied.)

In the case at bar it is alleged that the town gave its permission for the installation of the valve in question. Such permission cannot, however, reasonably be deemed to be equivalent to actual installation by the town itself. The negligence, if any, of the town is passive. In such a case, even actual knowledge of a defect in a sidewalk is insufficient to bind it. (See *Rupert* v. *Town of West Seneca, supra*, pp. 428–429.) *Written* notice of the defect must be given if the town is to be held liable. No allegation that such notice was given is contained in the complaint here under attack, the allegation of '' due notice '' being '' a mere conclusion and entirely insufficient as an allegation of fact.'' (*Schlatter* v. *Town of Hempstead, supra.*)

The motion is accordingly granted with leave to the plaintiffs, if they be so advised, to serve an amended complaint within ten days after service of a copy of the order to be entered hereon, with notice of entry.

Settle order.