MARY SNYDER et al., Plaintiffs, *v.* DELMIN REALTY CORP. et al., Defendants.

Supreme Court, Special Term, Nassau County, November 12, 1954.

*Frederick C. Edel* for Incorporated Village of Hempstead, defendant.

*John F. Coffey* for plaintiffs.

CHRIST, J. The defendant, Incorporated Village of Hempstead, moves for an order pursuant to rule 106 of the Rules of Civil Practice, dismissing the complaint in this action as against such defendant on the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action.

The plaintiffs allege that the plaintiff, Mary Snyder, stepped into a hole in a sidewalk within the defendant village and was caused to fall by such defective condition as a result of which she suffered injuries. It is also alleged that the village had knowledge or with the exercise of reasonable care and prudence

should have had knowledge of the dangerous and defective condition which it is alleged constituted a trap on the public sidewalk of the village.

In moving to dismiss the complaint, the village relies upon Local Law No. 1 of 1953 of the Village of Hempstead, which became effective September 1, 1953, amending section 341-a of the Village Law. In substance, the local law removed from section 341-a of the Village Law, the provisions with respect to constructive notice of defective conditions and made it a condition precedent to the maintenance of an action against the village that written notice of the existence of the defective condition shall have actually been given to the board of trustees and that there shall have been a failure or neglect on the part of the village to cause such condition to be corrected or the place made reasonably safe within a reasonable time after the receipt of such notice. The complaint contains no allegation that any such written notice was given or that there was a failure or neglect on the part of the village to correct the defective condition after receipt of the notice. If the local law is valid the absence of such an allegation is a fatal defect requiring the dismissal of the complaint as to the defendant village. However, the plaintiffs contend that the local law is invalid. They concede the power of cities to limit liability by means of local laws comparable to the one here under consideration (*Ellis* v. *City of Geneva,* 259 App. Div. 502, affd. 288 N. Y. 478; *Levine* v. *City of Glen Cove,* 111 N. Y. S. 2d 882). But they assert that there is no such power residing in the village. Plaintiffs' position is founded upon the argument that the home rule powers granted by the State Constitution to villages are not as broad as those granted in the case of cities. It is claimed that although there appears to be authority granted by section 11 of the Village Home Rule Law for the enactment of a local law of this type, in fact the enabling legislation goes beyond the limits prescribed by the constitutional grant of power. It is the court's view that an analysis of the pertinent constitutional and statutory provisions shows that plaintiffs' claim of invalidity is without merit.

In making such an analysis it is necessary to compare the home rule provisions of the State Constitution as applied to cities and as applied to villages. In the case of cities, home rule powers are granted by section 12 of article IX, which provides:

" Every city shall have power to adopt and amend local laws not inconsistent with the constitution and laws of the state

relating to its property, affairs or government. Every city *shall also have the power* to adopt and amend local laws not inconsistent with this constitution and laws of the state, *and whether or not such local laws relate to its property, affairs or government,* in respect to the following subjects: * * * the presentation, ascertainment and discharge of claims against it ''. (Italics supplied.)  In the case of villages, home rule powers are conferred by section 16 of article IX of the State Constitution, which provides:

'' The legislature, on or before July first, nineteen hundred forty shall confer by general law upon all villages having a population of five thousand or more as determined by the federal census power to adopt and amend local laws not inconsistent with the constitution and laws of the state relating to the property, affairs or government of such villages but subject to such limitations as the legislature may, by general law, from time to time impose.  Thereafter, the legislature shall act in relation to the property, affairs or government of such villages only by general law which shall in terms and in effect apply alike to all such villages except upon the request of the chief executive officer of the village affected, concurred in by the local legislative body or upon a message from the governor, in either case declaring that a necessity exists and reciting the facts establishing such necessity, and the concurrent action of two-thirds of the members of each house of the legislature.  The legislature shall not authorize a village to pass local laws repealing or modifying any act of the legislature relating to the civil service status of employees of the village. *The legislature by general law may confer on such villages such additional powers of local legislation and administration as it may, from time to time, deem expedient and may withdraw such powers.  The provisions of this section shall not be deemed to restrict the power of the legislature to enact laws relating to matters other than the property, affairs or government of such villages.*'' (Italics supplied.)

The plaintiffs, in comparing the two constitutional provisions just quoted, reach the conclusion that whereas cities are given power to legislate locally on matters other than those relating to its property, affairs or government, villages are restricted to local legislation which relates only to their property, affairs or government.  Such a conclusion is unwarranted in view of the two concluding sentences of section 16 of article IX of the Constitution quoted above.  In that portion of the section is found the authority for the Legislature to enact laws relating

to matters other than the property, affairs or government of such villages. This the Legislature has done through the enactment of the Village Home Rule Law with the intention of enabling villages '' to enact, amend and repeal local laws for the purpose of fully and completely exercising the powers granted to villages by the terms and spirit '' of section 16 of article IX of the Constitution (Village Home Rule Law, § 30).

The power of villages in respect of local laws is set forth in section 11 of the Village Home Rule Law. Paragraph (b) of subdivision 1 of that section confers power to enact '' local laws in relation to * * * the presentation, ascertainment and discharge of claims against it * * * whether such local laws relate to the property, affairs or government of such village or not.'' It is further provided that such local laws '' may change or supersede any provisions of an act of the legislature theretofore enacted which provision does not in terms and in effect apply alike to all villages having a population of five thousand or more as determined by the federal census.'' It is thus clear that while the power to enact local laws on matters other than those relating to the property, affairs or government of a city flow from a direct constitutional grant of such power, the same power is lodged in a village by virtue of an enabling statute adopted by the Legislature in pursuance of a power expressly granted in the Constitution to do so.

Apparently, in asserting that there is a difference in the scope of the home rule powers constitutionally conferred upon cities and villages, the plaintiffs have relied upon Opinion No. 5779 of the State Comptroller (8 Op. St. Compt., 1952, p. 246) in which the opinion was expressed that a village, having home rule powers, may not enact a local law which would remove the constructive notice provision contained in section 341-a of the Village Law. In reaching that conclusion, the State Comptroller relied upon subdivision 4 of section 11 of the Village Home Rule Law which at the time his opinion was rendered (July 7, 1952) provided as follows:

'' 4. In the exercise of the powers granted by this act, no provisions of the village law, existing on July first, nineteen hundred forty-two, relating to the property, affairs or government of villages shall be deemed to apply alike, either in terms and in effect, to all villages having a population of five thousand or more as determined by the federal census.'' The opinion pointed out that although section 341-a of the Village Law existed prior to the date mentioned in the subdivision quoted above, it did not relate to '' the property, affairs or govern-

ment of villages " (*Hayward* v. *City of Schenectady,* 251 App. Div. 607). ·Hence, the State Comptroller concluded that a village was without power under section 11 of the Village Home Rule Law to adopt a local law purporting to change and supersede section 341-a of the Village Law. It, therefore, followed, in the opinion of the State Comptroller, that subdivision 2 of section 12 of the Village Home Rule Law applied which reads:

" 2. No local law shall supersede any provision of an act of the legislature except as authorized by section eleven or other provision of an act of the legislature."

The court does not disagree with the conclusion of the State Comptroller based, as it was, on the then existing provisions of the Village Home Rule Law. By its express terms subdivision 4 of section 11 of the Village Home Rule Law, as it stood in 1952, was restricted to those provisions of the Village Law existing as of July 1, 1942, *relating to the property, affairs or government of villages* and did not extend to provisions which fell into any other category.

Since the rendering of that opinion, however, there has been a change in the law and one which may have been induced by the conclusion reached in the opinion just discussed. The change results from the repeal of subdivision 4 of section 11 of the Village Home Rule Law as originally enacted and the substitution in its place of a new subdivision 4 which now provides:

" 4. In the exercise of its powers to adopt local laws pursuant to this chapter, the local legislative body of a village may change, amend or supersede any provision of the village law relating to the property, affairs or government of the village or to other matters in relation to which the village is authorized to adopt local laws by subdivision one of this section, notwithstanding that such provision may in terms and in effect apply alike to all villages having a population of five thousand or more as determined by the federal census, unless the legislature expressly shall have prohibited the adoption of such a local law."

This amendment was effected by chapter 744 of the Laws of 1953, effective April 15, 1953. That the Legislature had power to enact this amendment is apparent from an inspection of the text of section 16 of article IX of the Constitution. The effect of the amendment is to remove any question of lack of power to enact local legislation when it pertains to matters other than the property, affairs or government of villages (see L. 1953, ch. 744, § 2). The local law now under review was enacted subsequent to the effective date of the amendment.

The court, therefore, finds that plaintiffs' contention that Local Law No. 1 of 1953 adopted by the Village of Hempstead is unconstitutional and void has not been sustained and that such local law was validly enacted. The complaint having failed to allege compliance with the provisions of the local law, it is fatally defective. The motion to dismiss for insufficiency is granted without prejudice, however, to the service of an amended complaint within twenty days after service of a copy of the order to be entered hereon, with notice of entry, if plaintiffs are so advised.

Submit order.