thirty-six years, but the unusual depth of that tread, combined with the similarity in color and pattern of the new treads and the tile border on the floor near the first step presented to the descending user a visual situation non-existent before the installation of the new treads. Having had the benefit of the uncontradicted expert opinion as regards the proper construction of stair treads, as well as the other facts, it was the function of the jury to determine whether or not the accident could have been reasonably foreseen. (Appeal from a judgment of Niagara Trial Term for plaintiffs in a negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Adam Mosier, Respondent, v. Louis Port et al., Appellants

All concur. (Appeal from a judgment of Seneca Trial Term for plaintiff in an automobile negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Charles Kaufman et al., Respondents, v. Kiamesha Concord, Inc., Appellant.—

Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Robert McCombie, Appellant, v. Raymond B. Levandowski et al., Respondents.— Appeal dismissed, without costs, upon stipulation.

Robert McCombie, as Administrator of the Estate of Elizabeth McCombie, Deceased, Appellant, v. Raymond B. Levandowski et al., Respondents.— Appeal dismissed, without costs, upon stipulation.

Charles Ziff, Respondent, v. Town of Brighton, Appellant.— Appeal dismissed, without costs, upon stipulation.

Millie Ziff, Respondent, v. Town of Brighton, Appellant— Appeal dismissed, without costs, upon stipulation.

Angeline Stanzel, Plaintiff, v. Emil F. Stanzel, Defendant.— Appeal dismissed, without costs, upon stipulation.

Sidney Pequeen, Appellant, v. Ashland Oil & Refining Co. et al., Respondents.— Appeal dismissed, without costs, upon stipulation.