L. Babbott Hill, J.
Plaintiff makes this motion for summary judgment in an action based upon a policy of title insurance, wherein he seeks to recover all the unpaid installments of a sewer assessment against property which he purchased in the Village of Freeport in 1954.
He had expressly agreed in the contract of purchase to take title subject to the sewer assessment. The defendant Title Company reported the existence of the unpaid balance of the sewer assessment in its title report, together with the information that it had been converted into 15 installments.
While plaintiff concedes the above to be the fact he nevertheless claims a right to recover on the title policy, since the policy itself contained no exception re the sewer assessment and therefore the existence of a lien, even one known to the plaintiff, is enough to make the defendant liable on its policy.
As to the position that knowledge of a lien does not invalidate a contract with a third party to insure against it, I agree. (Empire Development Co. v. Title Guar. & Trust Co., 225 N. Y. 53.) And the same principle prevents the defendant from having the benefit of the plaintiff’s contract with the seller to assume the sewer charges.
It seems to me, however, that plaintiff’s case falls down when he attempts to show that the unpaid installments of the sewer assessment constitute a presently existing valid lien for the full amount.
Section 113 of the Village Law makes a sewer assessment a lien unless the Board of Trustees by resolution determines that it may he paid in installments in future years, in which case there is a separate lien for each installment only as it becomes *404 due. The bond resolutions of September 5, 1950 and December 3, 1951 on which the defendant relies do not disclose any intention or attempt by the village to meet the requirements of section 113 for installment assessments and the adoption of a 15-year maturity period for the bond issue itself would not necessarily suspend the fixation of the full lien. I think moreover that section 113 must be read together with section 326 which, although it is confined to a village embracing the entire territory of a town (see Village Law, § 322), is nevertheless made applicable to Freeport, which is not such a village, by section 260-c. In view of this, while it is understandable why plaintiff might not have realized the applicability of section 326 to his situation, he is nevertheless bound by it.
Paragraph (b) of subdivision (14) of that section provides in part: “ The amounts of principal and interest of any obligations issued for the construction of the sewer system falling due in any year, together with the cost of maintaining, repairing and operating the said sewers, shall be assessed from year to year upon the real property within such district in proportion as nearly as may be to the benefit which each lot or parcel of land will derive therefrom.”
It will be observed that this language calls for a year to year assessment without the necessity of a special resolution to that effect by the Board of Trustees. It follows as a matter of course once there has been a flotation of a bond issue to finance the sewer, which thereafter comes due in yearly installments.
Therefore, there is no assessment on which the provisions of section 113 can operate to constitute it a lien, except the assessment for a particular year and only after it is made for that year. By analogy at least the decision in Mayers v. Van Schaick (268 N. Y. 320) which construed section 280 of the Village Law, supports the view above expressed, since that section is similar in its over-all pattern to the section with which we are concerned on this motion.
Since there is no question of fact to be tried in this case, summary judgment in favor of the defendant will be granted even in the absence of a motion for that relief (Buies Civ. Prac., rule 113).
Short-form order signed.