■   ABRAHAM LEVINE, Respondent, v. HARRY MERMELSTEIN et al., Appellants.— Motion for reargument of motion for leave to appeal to the Appellate Division denied, without costs.   Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■   HAROLD H. ACKLEY et al., Appellants, v. LAWYERS TITLE INSURANCE CORPORATION, Respondent.— In an action to recover upon a title insurance policy, the appeal is from an order denying appellants' motion for summary judgment striking out the answer and granting summary judgment dismissing the complaint (Rules Civ. Prac., rule 113) and from the judgment entered thereon dismissing the complaint.   Order and judgment unanimously affirmed, with $10 costs and disbursements.   No opinion.   Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.   [16 Misc 2d 402.]

■   MARY APPELBAUM et al., Appellants, v. CITY OF LONG BEACH, Respondent.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from an order granting respondent's motion to dismiss the complaint for insufficiency (Rules Civ. Prac., rule 112).   The complaint in substance alleges that the personal injuries were sustained when appellant Mary Appelbaum tripped and fell by reason of respondent's negligence in causing and maintaining a dangerous condition in the roadway in the form of a metal cover over a water-supply installation, with a depression in the pavement around it.   It is not alleged that written notice of the defect had been given to respondent at least 48 hours prior to the occurrence as provided by respondent's charter (Long Beach City Charter, § 256-A; L. 1922, ch. 635) which requires such notice where the accident was due to a defect in a street or highway.   Order reversed, with $10 costs and disbursements, and motion denied.   The allegedly dangerous condition created by the water-supply appurtenance in the roadway did not constitute a street or highway defect within the meaning of section 256-A of the charter (*Horbert* v. *Town of Islip,* 283 App. Div. 661).   Furthermore, even if it were such a defect, the charter provision would be inapplicable because respondent is alleged to have caused and maintained the condition, wherefore it may not require express notice thereof (*Cosgrove* v. *City of Newburgh,* 244 App. Div. 104, affd. 273 N. Y. 542; *Horbert* v. *Town of Islip, supra*; *Walker* v. *Town of Huntington,* 200 Misc. 522).   Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.