Bernard S. Meyer, J.
Motion for stay of arbitration granted. Respondent is an electrical contractor seeking to recover for damages (1) resulting from delays arising from acts of the board and of other contractors and failure of the board to co-ordinate the work of the several contractors and (2) for specified extras. An earlier demand for arbitration setting forth the same claims has been stayed as a result of the Appellate Divi *1031 sion’s decision (8 A D 2d 940) (a) that section 3813 of the Education Law formed part of the contract and that, therefore, respondent was obligated by the provisions of that section to make a demand on the board prior to arbitration and (b) that the contract does not provide for arbitration of “ acts of other contractors ”. The present demand for arbitration is identical with that before the Appellate Division except that it was preceded by a demand upon the board and it alleges that such claim was “ duly presented ” to the board and more than 30 days has elapsed without action by the board.
As to the claim designated (1) above, the Appellate Division’s determination that it is not within the contract of arbitration is res judicata. As to the claim for extras, however, it is necessary to determine whether the condition precedent arising by virtue of reading section 3813 into the contract has been complied with. Petitioner urges that the contract must be read to include the requirements of that section that the claim be presented to the board “ within three months after the accrual of such claim” and that ‘ ‘ the complaint or necessary moving papers ’ ’ so allege, and points to the fact that the arbitration demand simply states that the claim was ‘ ‘ duly presented ’ ’ without indicating that it was presented within three months after accrual. It is true that “ duly presented ” is conclusory and not sufficient to supply the time allegation (Schlatter v. Town of Hempstead, 182 Misc. 545) and that the absence of such an allegation in a complaint would be fatal (Todd v. Board of Educ., 297 N. Y. 873). To apply these rules to this case would, however, be to carry the Appellate Division’s ruling to a drily logical extreme. While, in order to protect the board’s interests, the contract will be construed to require, as a condition precedent to the maintenance of an arbitration, a demand made prior to arbitration and within three months after the claim accrued, it would appear inconsistent with the liberal policy of the law relating to arbitration to stay arbitration simply because the demand does not allege that fact. It is enough that the fact itself, and thus the board’s protection, exists. Since, however, it nowhere appears when the items making up the claim for extras accrued, the stay must be and is granted with respect to the entire demand. This determination is without prejudice, however, to whatever right, if any, respondent may have to file an amended claim setting forth respective accrual dates.
Settle order on notice.