Frank A. Gulotta, J.
In this action brought by the plaintiff against the Incorporated Village of Mineóla to recover for personal injuries which he sustained when he slipped and fell on an icy sidewalk, the municipality moves to dismiss the complaint on the ground that it contains no allegation as to prior written notice of such defective condition as required by section 341-a of the Village Law.
That section, insofar as it applies to the facts in this case, reads as follows: “No civil action shall be maintained against the village * * * for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice upon any sidewalk * * * unless written notice of the * * * existence of the snow or ice, relating to the particular place, was actually given to the village clerk and there was a failure or neglect within a reasonable time after the receipt of such notice * * * to cause the snow or ice to be removed, or the place otherwise made reasonably safe.” Failure to allege this prior written notice, in a proper case, makes the complaint fatally defective. (MacMullen v. City, of Middletown, 187 N. Y. 37; Skelly v. City of Port Chester, 6 A D 2d 717; Snyder v. Delmin Realty Corp., 207 Misc. 218.)
However, this statute is applicable in cases of passive negligence only. Where the municipality has been the active tortfeasor and has created the situation, it cannot escape liability by shielding itself behind this enactment. (Boyle v. E. C. Holding Corp., 193 Misc. 204; Stoll v. Town of Greenburgh, 106 N. Y. S. 2d 458.)
In the case at bar plaintiff, in paragraph “ Seventh ” alleges, amongst other things, that the defendant village was negligent “in the construction * * ® of the aforesaid sidewalk ”; and “ in so constructing the sidewalk that there was no drainage therefrom of water and so that water accumulated thereon ’ ’. These are affirmative acts of negligence against which the village is not insulated by section 341. Regardless of his ultimate success, in the opinion of the court these allegations are sufficient to sustain the complaint on this type of motion. Motion denied. Short-form order signed.