James D. Hopkins, J.
The defendants Village of Mount Kisco and Town of Bedford move to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The motion assails the complaint because it does not allege that prior written notice was given to the moving *997 defendants of the accumulation of snow and ice on the sidewalk, as a result of which the plaintiff Elizabeth R. Todd suffered her claimed injuries (Village Law, § 341-a; Highway Law, § 215, subd. 2).
Section 341-a of the Village Law was amended by Local Law No. 2, of 1953 of the Village of Mount Kisco, effective November 23, 1953 (Local Laws, 1953, No. 2 of Vil. of Mount Kisco). That amendment reads in part as follows: “No civil action shall be brought or maintained against the village of Mount Kisco for damages or injuries to person or property sustained * * # in consequence of the existence or accumulation of snow or ice upon any * * * sidewalk * * * unless written notice of the existence of such condition, relating to the particular place, had theretofore actually been given to the board of trustees of the village of Mount Kisco ”.
This amendment is somewhat more specific in application than the language of section 341-a as enacted by the Legislature. Its provision should be construed in the same light as section 341-a has in the past. It has been held that in a complaint in a case to which section 341-a of the Village Law and subdivision 2 of section 215 of the Highway Law properly apply, the absence of an allegation of prior written notice renders the cause of action defective and subject to dismissal (MacMullen v. City of Middletown, 187 N. Y. 37; Skelly v. Village of Port Chester, 6 A D 2d 717; Snyder v. Delmin Realty Corp., 207 Misc. 218).
It is true that the two statutes are applicable, in general, to cases of passive negligence. When the municipality is alleged to have caused the condition, the requirement of prior written notice is not imposed (Horbert v. Town of Islip, 283 App. Div. 661; Appelbaum v. City of Long Beach, 8 AD 2d 818; Filsno v. City of Rochester, 10 A D 2d 663; Boyle v. E. C. Holding Corp., 193 Misc. 204; Walker v. Town of Huntington, 200 Misc. 522; Stoll v. Town of Greenburgh, 106 N. Y. S. 2d 458; Ziff v. Town of Brighton, 136 N. Y. S. 2d 723).
The gist of the allegations of the complaint here is that snow and ice was permitted to accumulate on the sidewalk by the defendants in that water dripping and flowing from the roof of a house owned by the defendants Pasquale upon the sidewalk became frozen and slippery. These allegations constitute a claim of passive negligence against the moving defendants, for which prior written notice is required.
The motion is accordingly granted. The plaintiffs may serve an amended complaint, if they are so advised, within 20 days after the service of the order herein, with notice of entry.