Bernard S. Meyer, J.
At basic issue in this declaratory judgment action is whether plaintiff Boyal Globe Insurance Company or defendant Hartford Insurance Company is obligated to defend an action brought by defendants Alma against the Town of Hempstead and Lizza & Sons, Inc. The answers of Hartford and of the town plead the six-year Statute of Limitations and laches and by way of counterclaim ask for a declaration that Boyal and not Hartford is obligated to defend and to pay any judgment recovered by the Almas.
Mrs. Alma sustained personal injuries on February 4, 1963 when .she drove into a depression or hole in the intersection of Camp and Park Avenues in Merrick, both town highways. Lizza by contract with the town dated December 12, 1962 engaged to do grading and other work in an area which included the Camp and Park intersection. The Almas brought an action against the town and a separate action against Lizza. In the action against the town they allege (par. 8) that the town “ caused, permitted and/or allowed the said public highways to be and remain in a broken, uneven condition ’ ’. In the action against Lizza they allege that as a result of Lizza’s negligence in carrying out its construction contract with the town ‘1 there was created within said intersection a deep and dangerous hole.” The actions have been consolidated.
Hartford concedes that on February 4, 1963 it insured the town for general liability. Acting under that policy, Hartford undertook the defense of the town against Almas’ claim and conducted an oral examination of the Almas. However, Lizza Js contract with the town required that Lizza “ indemnify * * * The Town * * * from any and all claims relating to * * * injuries or damages to persons ° " * received or .sustained by or from the contractor and his employees in doing the work” (par. 5) and further required that Lizza maintain public liability insurance in the name of the town covering ‘1 liability which may arise from operations under this contract, whether such operations be by said Con *200 tractor or any individual employed by either the contractor or the Town ” (par. 21). The liability policy provided by Lizza in fulfillment of the latter obligation was issued by Boyal, bears No. BLM 27 75 27, and refers to the town contract by number. Lizza also maintained a comprehensive general liability policy issued by Boyal and bearing No. BLGr 07 85 07, which included in its coverage contract indemnity undertaken by Lizza to any town and, therefore, covered Lizza’s obligation under paragraph 5 of the town contract.
After' conducting the examination of the Almas, Hartford notified Boyal to assume the defense of the town, which Boyal did. The exact date when Boyal assumed the defense does not appear, but it is conceded that Boyal’s attorney prepared the town’s answer in the Alma action and that issue was joined in that action on April 9, 1964, This declaratory judgment action was begun in August, 1968, but neither Hartford nor the town was served until January 28, 1970.
Obvious from the foregoing recital is it that if the depression in the Camp and Park intersection which caused Mrs. Alma’s injuries arose from Lizza’s operations under its contract with the town, Boyal is required to defend and indemnify under one or the other of its two policies, but that if the depression resulted not from any act or omission of Lizza, but from negligence of the town in the maintenance of its highways, Boyal is not responsible for either the defense or any judgment. Though the Hartford policy was not introduced in evidence Hartford has admitted issuing a general liability policy to the town which, it may safely be assumed, would in the latter event require Hartford to pay both the judgment and for the defense.
Since the Almas cannot recover from Lizza unless the depression arose from Lizza’s operations, the issue upon which the responsibility of Boyal or Hartford turns will necessarily be determined on the trial of the consolidated negligence action. In that situation it is clear that as to an insurance company’s obligation to pay damages a declaratory judgment action will not lie because “ it may well be that the insurance company will be held or exonerated in this declaratory judgment action on a different factual basis from that which will later be established in the negligence actions” (Prashker v. United States Guar. Co., 1 N Y 2d 584, 590 ; accord : Brooklyn Eastern Dist. Term. v. Phoenix of Hartford Ins. Co., 19 N Y 2d 730 ; Downey v. Merchants Mut. Ins. Co., 30 A D 2d 171, affd. 23 N Y 2d 989 ; Nationwide Mut. Ins. Co. v. Dennis, 14 A D 2d 188, mot. for lv. to app. den. 10 N Y 2d 708 ; see Cosmopolitan Mut. Ins. Co. v. *201 Trapier, 15 N Y 2d 503). The counterclaims insofar as they seek a declaration that Royal must pay any Alma judgment are, therefore, dismissed as premature.
Because “ the duty to defend is broader than the duty to pay ” (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148, 154), the Prashker and similar cases have been careful to distinguish the two obligations and award judgment declaring the carrier’s obligation to defend. The fact situations of those cases are readily distinguishable from the instant case, however, for they involved only one carrier and, therefore, only one obligation to defend. Here there are two carriers, under separate obligations to defend, and until the underlying negligence action has been tried, it cannot be said which is responsible, or indeed whether both are. Under such circumstances, the insured is, it appears, entitled to a declaration that both carriers are obligated to defend (Everlast Sporting Goods Mfg. Co. v. Aetna Ins. Co., 23 A D 2d 641). In the instant case, however, it is not the insured which seeks such a declaration but the carrier which has accepted the defense and carried it for a number of years. Since the consolidated tort action includes allegations which may involve Royal in liability (and since the evidence presented on this trial furnishes a basis upon which the jury in the negligence action could find that the depression in which Mrs. Alma was injured resulted from an act or omission of Lizza), Royal is clearly obligated by its policies to defend the town and Lizza, and until the trial of the negligence action absolves Lizza (and thus Royal) of responsibility for creating the condition of which the Almas complain (if it does), Royal’s effort to shift the burden of the defense to Hartford must be held premature, for the same policy reason stated in the Prashker case. Thus Royal’s action for judgment declaring that Hartford must defend must be dismissed for want of a presently justiciable controversy, and since Hartford is in no better position than Royal on the facts, its counterclaim insofar as it concerns Royal’s obligation to continue the defense must likewise be dismissed. The town, however, is a direct insured under Royal’s policy No. RLM 27 75 27 and is entitled to a declaration that Royal is obligated to continue the defense of the negligence action, without prejudice, however, to Royal’s right to seek reimbursement from Hartford for the cost of the defense should the determination of the negligence action absolve Lizza (and thus Royal) of liability to the Almas, and, of course, without any determination concerning which carrier must pay such judgment as the Almas may recover.
*202 While the foregoing makes the defenses of limitations and laches academic, the court notes (1) that the proof does not establish when Royal assumed the defense and, therefore, does not show that the cause of action for declaratory judgment accrued more than six years before January 28, 1970, and (2) that the prejudice essential to laches has not been shown. That the Village Law, rather than the Town Law concerning notice of defect was inadvertently pleaded is of no consequence for the error is subject to correction (CPLR 2001, 3025, subd. [b] ; Williams v. Sterling Estates, 41 Misc 2d 692) and moreover notice, whether pleaded or not, is a prerequisite to recovery against the town (Town Law, § 65-a ; cf. Chamberlain v. Town of Brighton, 272 App. Div. 1037, affd. 297 N. Y. 944), unless the town created the condition, in which latter event liability exists without regard to notice (Ziff v. Town of Brighton, 136 N. Y. S. 2d 723, app. dsmd. 286 App. Div. 1064 ; Walker v. Town of Huntington, 200 Misc. 522). The other claims of prejudice do not merit discussion.