OPINION OF THE COURT
Thomas E. Mercure, J.
Defendant, Village of Broadalbin, New York, seeks judgment, pursuant to CPLR 9804, on the ground of noncompliance by the plaintiffs with the required condition precedent mandated in the statute.
Plaintiffs allege that plaintiff Wanda Barnoski was injured when she fell in a hole on First Avenue, in the Village of Broadalbin, New York. Defendant, Village of Broadalbin, answered with a general denial and set forth as an affirmative defense the failure to comply with CPLR 9804.
“§ 9804. Notice of defects in certain actions.
“No civil action shall be maintained against the village for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed or for damages or injuries to persons or property sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk, street, highway, bridge or culvert unless written notice of *227 the defective, unsafe, dangerous or obstructive condition, or of the existence of the snow or ice, relating to the particular place, was actually given to the village clerk and there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remove the defect, danger or obstruction complained of or to cause the snow or ice to be removed, or the place otherwise made reasonably safe.”
It is plaintiffs’ primary contention that CPLR 9804 is not applicable in this case. Plaintiff Wanda Barnoski alleges as an act of negligence “a failure on the part of the Village to properly design, construct and maintain said First Avenue,” and contends that CPLR 9804 applies only to actual physical defects in the surface of a street and, consequently, does not relate to construction or design defects or the negligence relating to the same.
In the papers before the court on this motion, it is uncontested that the plaintiff failed to file with defendant a written notice of a defective condition of First Avenue, as the statute requires.
The condition precedent, that prior written notice of a defect must be made to a municipality “is valid and compliance with it must be alleged or proved in an action falling within the statutory area.” (Adler v Village of Saranac Lake, 14 AD2d 975, affd 12 NY2d 1058.)
It is argued by plaintiff here that the village could not escape responsibility since it created the defective condition by faulty construction, design and maintenance. However, plaintiffs, in the papers before this court, offer no proof that the village created the hazard, merely an allegation of fault on the part of defendant. Absent any evidence of municipal liability, compliance with the statute is mandated (Adler v Village of Saranac Lake, supra).
The case at bar can be distinguished from that line of cases, see: Appelbaum v City of Long Beach (8 AD2d 818); Muszynski v City of Buffalo (33 AD2d 648) wherein actual notice of the municipalities’ creation of a defect would provide a cause of action notwithstanding the statutory mandate. In Appelbaum, the defendant city had constructed a water supply installation with a metal cover and a depression in the pavement surrounding it. In Muszyn *228 ski, the defendant was responsible for the placement of a barrel of rock salt on the sidewalk and for refilling it periodically, the spillage eroding the sidewalk and causing a defect. In Slater v Town of Rochester (31 AD2d 590), there was a hole in the pavement on a bridge owned by defendant and actual notice of the disrepair of the bridge was borne out by photographs of the negligently maintained bridge. In each of the cases above the defendant municipality had actual notice of the condition leading to injury and could not rely on the protection of the commonly called “pothole statute.” On the papers before this court, actual notice does not play a part.
While the allegations of faulty design, construction and maintenance as recited in the instant case might indicate a cause of action in the complaint of the plaintiffs, in motion practice something more than a mere attorney’s affidavit is required. The affidavits used in connection with a motion must allege evidentiary facts in support thereof. (2 Carmody-Wait 2d, NY Prac, § 8:53.)
This motion to dismiss the complaint on the grounds of absence of the notice required by CPLR 9804 is granted. (See Kotler v City of Long Beach, 44 AD2d 679, affd 36 NY2d 774.)