■ SAMUEL ENDE et al., Respondents, v TOWN OF ORANGE-TOWN, Appellant, et al., Defendants. [654 NYS2d 592] —In an action to recover damages for personal injuries, the defendant Town of Orangetown appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated July 31, 1996, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the complaint is dismissed insofar as asserted against the appellant.

While we agree with the Supreme Court's conclusion that issues of fact exist as to which of the defendants ultimately may be proven responsible for maintaining the sidewalk where the

plaintiff allegedly was injured, we find nevertheless that the court erred in denying the motion of the appellant Town of Orangetown (hereinafter the Town) for summary judgment dismissing the complaint insofar as asserted against it. The Town established that it never received prior written notice of the alleged defect as required by Town Law § 65-a (2). To the extent that the Town may have contractually assumed the responsibility of maintaining sidewalks within the facility owned by the codefendant Orangetown Housing Authority, Town Law § 65-a (2) requires prior written notice as a condition precedent to any action against the appellant, notwithstanding that it no longer owns the property *(see, Schlatter v Town of Hempstead,* 182 Misc 545). As the Town may not be held liable in the absence of notice, summary judgment dismissing the complaint insofar as asserted against it is appropriate. Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.