■ MARY FILSNO, Appellant, v. CITY OF ROCHESTER, Respondent, et al., Defendants.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The complaint was dismissed at the close of plaintiff's case apparently upon the ground that there had been a failure to prove compliance with an ordinance of defendant city which provided in substance that the city should not be liable and no action might be maintained against it for damages in consequence of any sidewalk being defective unless written notice thereof had been given and there was a failure to repair within a reasonable time. In our opinion questions of fact were presented that required submission of the case to a jury. It might be found that plaintiff tripped and fell by reason of respondent's negligence in causing and maintaining a dangerous condition in the sidewalk in the form of a cast-iron cover over a survey monument installed more than 40 years ago by the city. Thereby respondent was making a special use of the portion of the sidewalk where the accident occurred. An issue was thus presented as to whether the city was responsible for the creating of the defect as a special user. The provisions of the ordinance would have no applicability if it were found that the city caused and maintained the condition. (Cf. *Appelbaum* v. *City of Long Beach,* 8 A D 2d 818; *Weiser* v. *City of New York,* 5 A D 2d 702; *Cummings* v. *City of Norwich,* 286 App. Div. 612, 617; *Crandall* v. *City of Amsterdam,* 254 App. Div. 39.) (Appeal from a judgment of Monroe Trial Term dismissing the complaint, at the close of plaintiff's case, in an action for damages for personal injuries alleged to have been sustained by plaintiff by reason of her having fallen on a public sidewalk.) Present — Bastow, J. P., Goldman, Halpern and McClusky, JJ.

■ ROCCO D. MALVASO, as Administrator of the Estate of ANTHONY MALVASO, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33539.) — Judgment unanimously affirmed, with costs. (Appeal from a judgment of the Court of Claims for claimant on a claim for damages for the death of claimant's intestate, alleged to have resulted by reason of his having fallen in a State park.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ. [15 Misc 2d 585.]

■ In the Matter of the Accounting of BERTHA I. SWEENEY et al., as Executrices of MICHAEL NOLAN, Deceased, Respondents. In the Matter of the Accounting of BERTHA I. SWEENEY et al., as Trustees under the Will of MICHAEL NOLAN, Deceased, Respondents. MARY O. NOLAN, Appellant.— Decrees unanimously affirmed, without costs of this appeal to any party. (Appeal from two decrees of Wayne Surrogate's Court settling the accounts of (1) the executors of the will of decedent and (2) the trustees of the Michael F. Nolan trust fund.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ FREDERICK P. YOUNG, Respondent, v. VIVIAN I. YOUNG, Appellant.— Judgment unanimously affirmed, without costs of this appeal to either party. (Appeal from a judgment of Onondaga Equity Term adjudging the oral agreement between the parties created a trust and directing defendant to specifically perform the oral agreement and convey the premises to plaintiff and defendant jointly and as tenants by the entirety.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ DONALD CAMPBELL et al., Respondents, v. NEW YORK TELEPHONE COMPANY, Appellant.— Judgment unanimously affirmed, without costs of this appeal to any party. (Appeal from a judgment of Yates Trial Term for plaintiff in an action for trespass.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.