Frank S. McCullough, J.
This is a motion by the defendants to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice on the ground that the complaint fails to state facts sufficient to constitute a cause of action.
*857 The complaint alleges that the plaintiff sustained injuries when he stepped upon a manhole cover in the Village of Ossining and that the cover gave way causing the plaintiff to fall into the manhole. The injuries are attributed by the plaintiff to the negligence of the Village of Ossining and its Superintendent of Highways.
The motion to dismiss is based on the conceded lack of written notice to the village pursuant to section 341-a of the Village Law of the State of New York and Local Law 1953, No. 1, of the Village of Ossining, which provide as follows:
Village Law:
11 § 341-a. No civil action shall be maintained against the village for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed or for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk, street, highway, bridge or culvert unless written notice of the defective, unsafe, dangerous or obstructed condition, or of the existence of the snow or ice, relating to the particular place, was actually given to the village clerk and there was a failure or neglect within a reasonable time after receipt of such notice to repair or remove the defect, danger or obstruction complained of, or to cause the snow or ice to be removed, or the place otherwise made reasonably safe.”
Local Law 1953, No. 1:
1 ‘ Section 1. Section three hundred and forty-one-a of the Village Law as added thereto by chapter six hundred and fifty of the laws of nineteen hundred and twenty-seven, as it applies to the village of Ossining, is hereby amended to read as follows: ‘ ‘ § 341-a. Liability of village in certain actions. No civil action shall be brought or maintained against the village of Ossining for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed or in consequence of the existence or accumulation of snow or ice upon any street, highway, bridge, culvert, sidewalk or crosswalk unless written notice of the existence of such condition, relating to the particular place, had theretofore actually been given to the board of trustees of the village of Ossining, and there had been a failure of neglect on the part of said village to cause such condition to be corrected or such snow or ice to be removed, or the place otherwise made reasonably safe within a reasonable time after the receipt of such notice.”
*858 Despite the language above quoted, the courts have declared that written notice is not required where the municipality makes a special use of the sidewalk (Smith v. City of Corning, 14 A D 2d 27; Filsno v. City of Rochester, 10 A D 2d 663). In addition, in order for the defendant to succeed in such an application, it must be shown that the defect complained of is included within the places enumerated in the statute (Rodrigues v. Village of Ossining, 29 Misc 2d 534). In the instant case, the court notes that the statutes cited do not carry any reference to a manhole or manhole cover.
Finally, there is support for the position that where the alleged condition arose through the affirmative act of the village, notice is not required. (See Hebbard v. Ives, 8 A D 2d 648, and 14 Op. St. Comp., 1958, p. 457.) Accordingly, the motion is denied.