■ CARL CLARK et al., Respondents, v. CITY OF ROCHESTER, Appellant.— Order unanimously reversed and a new trial granted, with costs to the appellant to abide the event. Memorandum: The proof upon the trial presented a factual issue for resolution by the jury as to whether the damages sustained by

plaintiffs were proximately caused by the negligence of the defendant and without negligence on the part of either plaintiff. It was error for the trial court to direct a verdict in favor of plaintiffs on these issues. Plaintiffs (husband and wife) were in an automobile owned by the husband which the wife drove over a manhole cover in the center of a city street. The cover "flipped" off striking the vehicle with damage thereto and claimed injury to plaintiff wife. There was proof that for several months prior thereto the cover had not been firmly seated and moved with an audible sound when vehicles passed thereover. This presented a further factual issue as to whether or not defendant had constructive notice of the alleged defect. The doctrine of *res ipsa loquitur* had no applicability (cf. *Godfrey* v. *County of Nassau*, 24 A D 2d 569). Lastly, a factual issue was presented as to whether or not the city was responsible for creating the claimed defect as a special user of the highway. In such event the local statute (Municipal Code of City of Rochester, § 312-a) requiring written notice of a street defect would have no applicability (*Smith* v. *City of Corning*, 14 A D 2d 27; *Filsno* v. *City of Rochester*, 10 A D 2d 663). (Appeal from order of Monroe County Court, Trial Term denying defendant's motion for dismissal of plaintiffs' complaint, to set aside the verdict and for a new trial.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.