Howard A. Zeller, J.
Defendant, Village of Endicott, moves to dismiss the complaint for failure to state a cause of action.
The complaint alleges the village was negligent in failing to inspect and maintain and repair a metal sewer grating located on Tracy Street when the sewer cover was in such a state of deterioration that the village knew or should have known of its condition. The happening of the accident is alleged as follows: ‘ ‘ That on or about the 13th day of April, 1971 at approximately 3:00 o’clock in the afternoon, the infant plaintiff, Mark A. Di Lorenzo, was walking in the gutter area of 1807 Tracy Street, Endicott, Broome County, New York, when the infant stepped on a metal sewer grating which broke under his weight, causing the infant to sustain serious personal injuries. ’ ’
The complaint does not allege that the village had prior written notice of the defect nor does it allege that the defect was caused by any affirmative act of the village.
Section 341-a of the Village Law reads: “ No civil action shall be maintained against the village for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed or for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk, street, highway, bridge or culvert unless written notice of the defective, unsafe, dangerous or obstructed condition, or of the existence of the snow or ice, relating to the particular place, was actually given to the village clerk and there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remove the defect, danger or obstruction *160 complained of, or to cause the snow or ice to be removed, or the place otherwise made reasonably safe.” This section is not unconstitutional. (Stanton v. Village of Waverly, 29 N Y 2d 719.)
In Doremus v. Incorporated Vil. of Lynbrook (18 N Y 2d 362) it was held that a defective stop sign was not encompassed by section 341-a. The Court of Appeals wrote: ‘ ‘ Its language seems to refer to actual physical defects in the surface of a street, highway, bridge, culvert, sidewalk or crosswalk and the reference to snow and ice seems to confirm this. We are further confirmed in this idea when we recall that in 1927 when the statute was adopted these stop signs were scarce, and it is not likely that villages were much concerned about lawsuits based on failure to keep these signs in good repair.” (supra, pp. 365— 366).
The opinion also states: “ Our conclusion is that section 341-a read strictly, as it should be read, refers to physical conditions in the streets or sidewalks and was an effort to exempt the villages from liability for holes and breaks of a kind which do not immediately come to the attention of the village officers unless they are given actual notice thereof.” (supra, p. 366).
The pivotal issue on this present motion is whether a metal sewer grating in the gutter area of a village street is a part of ‘ ‘ the surface of a street * * * culvert, sidewalk or crosswalk ’ ’ within the intendment of section 341-a.
A culvert is a conduit or tunneled drain conveying water across or beneath a street or highway. A sewer is an artificial water course for draining surface waters away from streets. Both are adjuncts to streets and highways but their functions differ. The Legislature specifically included ‘ ‘ culvert ’ ’ in section 341-a and significantly omitted ‘1 sewer ’ ’.
In my opinion the metal sewer grating in the gutter area in the street was not a part of the surface of any street, culvert, sidewalk or crosswalk within the meaning of section 341-a.
Furthermore, a metal sewer grating in the gutter area is a “ special use ” not requiring prior written notice. (See Filsno v. City of Rochester, 10 A D 2d 663; Smith v. City of Corning, 14 A D 2d 27.)
Defendant’s motion to dismiss the complaint for failure to state a cause of action should be denied.