OPINION OF THE COURT
Carmelo A. Parlato, J.
In this action, plaintiff seeks recovery for alleged damage to *30 his automobile caused by a defective water box cover striking his automobile when he drove same over said water box cover on a street in the defendant city. The defendant has moved for summary judgment (CPLR 3212) on the ground that there was no compliance with the provisions of section 362 of the Charter of the City of Buffalo, by which prior notice of an alleged defect must be given to the city clerk. Plaintiff does not claim that such notice was given; his position is, rather, that said ordinance should be interpreted so as not to require such prior notice in the facts of this case.
Plaintiff advances two arguments: the first being that said prior notice is not necessary where the municipality has actively caused or maintained the defective condition. While this may be a correct statement of the law, it does not avail plaintiff any in the instant case, since there is no palpable showing of evidentiary matter by which there could be considered to be a triable issue of fact on a claim of active negligence.
The second argument is more seriously advanced by plaintiff. It is that the maintenance of a box cover, such as in the instant case, constitutes a "special use” by the city and that therefore, by case authority, there is no need for such prior notice.
Typical of the cases which seem to support plaintiff’s "special use” argument, and of special concern to this court from the fact that it is bound to follow legal precedent set by the Appellate Division, Fourth Department, are three cases from that court: Clark v City of Rochester (25 AD2d 713); Filsno v City of Rochester (10 AD2d 663); and Smith v City of Corning (14 AD2d 27).
While the facts of the accidents in the cited cases were substantially analogous to the case at bar, and while the court held in each of those cases, that the city’s use of the street (or sidewalk) for maintenance thereon of a box cover, or manhole cover, or the like, constituted a "special use” of the street (or sidewalk), and held that therefore the prior notice requirement continued in the respective city’s statute did not apply, there is a critical point of distinction between those cases and the case at bar: the statutes requiring the prior notice are different.
The three statutes involved (Buffalo, Rochester and Corning) are basically the same in bare outline; but they differ as to the hazards included in the requirements for prior notice.
*31 Section 312A of the Municipal Code of Rochester concerns itself with "[the] consequence of any street, highway, parkway, bridge, culvert, sidewalk, crosswalk or wharf being defective out of repair”.
Section 30 of title 3 of the Charter of the City of Corning provides "The city shall not be liable for any injury caused by such highways, streets, alleys, sidewalks or crosswalks being out of repair”.
Section 362 of article 20 of the Buffalo City Charter concerns itself with "[the] consequence of any street, part or portion of any street including the curb thereon and any encumbrances thereon or attachments thereto, tree, bridge * * * being defective” (emphasis added).
For the statutory difference to provide a valid basis upon which to distinguish the case at bar from the above-cited cases, an understanding of the term "special use” is required.
This court views the meaning of the term "special use”, in this type situation, as follows: the ordinary purpose, or use, for which a municipality maintains a street (or sidewalk) is to provide a surface for travel. In contrast, an item such as a manhole cover or a water box cover or a sewer grate is maintained for a different purpose, e.g., for access to underground spaces; and where part of the surface of the street is physically altered by the placement thereon of such an item, then that part of the surface not only is being maintained for the ordinary purpose of the street but also constitutes a "special use” of the street’s surface.
While it might be argued that the surface portion of such an item acquires a dual character so that it is nonetheless part of the "street”, the more significant argument is that such surface area acquires an equivocal character, and that where a prior notice statute mentions only "street”, it should be strictly interpreted not to include the area of "special use”.
What is important in the case at bar, however, is that the above arguments become moot where the prior notice statute itself makes special provisions for the "special use”.
For the Rochester and Corning prior notice statutes to have been applicable to the facts in their cases, the defective box or manhole cover needed to be held includable in the word "street”, whereas for the Buffalo statute to be applicable the subject box cover need only qualify as the "street” or as "any encumbrance thereon or attachment thereto”. In the Roches *32 ter and Corning cases, the Appellate Division has ruled only that the covers, etc., being "special uses” of the street, were not, for the purpose at bar, includable in the word "street”; that court has in no way indicated that such manhole or box covers do not qualify as the "encumbrances” or "attachments” of the Buffalo statute.
The constraint upon this court, then, is only that it not construe the word "street” to include the subject water box cover. This court is free to hold, and does hold, that a water box cover, as in the case at bar, situated on the surface of a Buffalo street, constitutes either an "encumbrance thereon or attachment thereto” and that the failure of plaintiff to have served the required prior notice is fatal to his right to maintain this action.
Defendant’s motion is therefore granted.