■ ADRIENNE SCHARE et al., Appellants, v INCORPORATED VILLAGE OF EAST ROCKAWAY, Respondent. — In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Christ, J.), dated April 26, 1982, which granted the defendant's motion, made at the close of the plaintiffs' case, to dismiss the complaint. Judgment reversed, on the law, and new trial granted, with costs to abide the event. Plaintiff Adrienne Schare was injured when she tripped and fell over a square metal plate raised about an inch and a half above the surface of the sidewalk. The trial court, in granting the defendant village's motion to dismiss the complaint at the close of the plaintiffs' case, held that the plaintiffs

had failed to make out a prima facie case because they did not submit any evidence that there had been compliance with section 6-628 of the Village Law. That section provides that in order for an action to be maintained against a village for, *inter alia,* a defect in a sidewalk, it must be demonstrated that actual notice was given to the village clerk and that there was a failure to repair or remove the defect within a reasonable time after the receipt of such notice. The trial court also rejected the argument by plaintiffs' counsel that the village was liable because the metal plate constituted a special use by the village. While the trial court properly held that there was no evidence that the village created the condition of the metal plate and, therefore, could not be liable on the basis of a special use, the court did commit error by holding that the failure to comply with section 6-628 of the Village Law warranted dismissal of the complaint. The dangerous condition created by the metal cover did not constitute a defect in a sidewalk within the meaning of that statute (see *Appelbaum v City of Long Beach,* 8 AD2d 818; *Horbert v Town of Islip,* 283 App Div 661; *Di Lorenzo v Village of Endicott,* 70 Misc 2d 159; cf. *Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362), and the jury should have been allowed to determine the village's degree of fault, if any, for the existence of the dangerous condition. Lazer, J. P., O'Connor, Bracken and Brown, JJ., concur.