■ RITA GALLO et al., Appellants, v TOWN OF HEMPSTEAD, Respondent, et al., Defendants. (And Third- and Fourth-Party Titles.)

A review of the trial evidence, particularly the testimony of the plaintiff Rita Gallo as to the circumstances of her fall into a hole in the grass adjacent to the curbline, which area was part of the sidewalk *(see,* Vehicle and Traffic Law § 144) and concededly owned by the defendant Town of Hempstead, establishes that the cause of the accident was not the cement object situated at the bottom of the hole, but the hole itself. Clearly, then, it was an actual physical defect in the sidewalk that was responsible for Rita Gallo's injury, and, therefore, the written notice provision of Town Law § 65-a (2) expressly applied to the case at bar. Since the plaintiffs conceded that the town had not received prior written notice of the defect in accordance with that section of the Town Law, the trial court properly dismissed the complaint on that ground *(see, Parella v Levin,* 111 AD2d 750; *Abbatecola v Town of Islip,* 97 AD2d 780; *cf. Flynn v Town of N. Hempstead,* 97 AD2d 430; *Schare v Incorporated Vil. of E. Rockaway,* 95 AD2d 802).

Furthermore, the plaintiffs failed to prove that the town created the hole or engaged in any affirmative tortious conduct which would have exempted them from establishing compliance with Town Law § 65-a (2) *(see, Martin v City of Cohoes,* 37 NY2d 162, 166; *Zortman v City of Niagara Falls,* 101 AD2d 711). Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.