■ BETTY BIMSTEIN, Respondent, v BURTON LEVINE et al., Respondents, and TOWN OF HEMPSTEAD et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants Town of Hempstead and County of Nassau separately appeal from an order of the Supreme Court, Nassau County (Burstein, J.), dated November 18, 1985, which

denied their respective motion and cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion and cross motion for summary judgment are granted, and the complaint and cross claims are dismissed as against the defendants Town of Hempstead and County of Nassau.

The plaintiff, in opposing these applications for summary judgment, failed to submit any proof or raise any triable issue of fact contradicting the information provided by the appellants in support of their denials of responsibility for a certain water pipe which protruded from a sidewalk and which allegedly caused the plaintiff to fall and consequently sustain injuries (see, Kenworthy v Town of Oyster Bay, 116 AD2d 628). Moreover, since the County of Nassau was not responsible for the maintenance of the sidewalk upon which the plaintiff was injured, and since the Town of Hempstead, under the circumstances, was immune from liability pursuant to Town Law § 65-a because it did not receive prior written notice of the alleged defect in the sidewalk (see, Radicello v Village of Spring Val., 115 AD2d 466; Ritacco v Town/Village of Harrison, 105 AD2d 834), summary judgment dismissing the complaint and the cross claims asserted against these defendants should have been granted. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.