■ JAMES TURCO, Respondent, v CITY OF PEEKSKILL, Appellant, and ARMANDO VIVENZIO et al., Respondents.—In an action to recover damages for personal injuries, the defendant City of Peekskill appeals from an order of the Supreme Court, Westchester County (Martin, J.), entered August 19, 1986, which, *inter alia,* denied its motion for summary judgment dismissing the complaint and cross claims insofar as they are asserted against it.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiff-respondent and the defendants-respondents appearing separately and filing separate briefs.

On January 19, 1983, the plaintiff sustained serious injuries when he slipped on ice and snow and fell upon a metal pipe protruding approximately six inches above the sidewalk adjacent to the 824 Club on Homestead Avenue, a public highway in the City of Peekskill. The city moved for summary judgment dismissing the plaintiff's complaint and any cross claims as against it on the ground that there was no evidence of compliance with Charter of the City of Peekskill § 199. This section provides: "No civil action shall be maintained against the city for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk, crosswalk, grading, opening, drain or sewer being defective, out of repair, unsafe, dangerous or obstructed unless it appear that written notice of the defective, unsafe, dangerous, obstructive condition of such street, highway, bridge, culvert, sidewalk, crosswalk, grading, opening, drain or sewer

was actually given to the commissioner or acting commissioner of public works, and that there was a failure or neglect within a reasonable time after the giving of such written notice to repair or to remove the defect, danger or obstruction complained of. That no such action shall be maintained for damages or injuries to person or property sustained solely in consequence of the snow or ice upon any sidewalk, crosswalk or street, unless written notice thereof, relating to the particular place was actually given to the commissioner or acting commissioner of public works of the condition or conditions complained of and there was a failure or neglect to cause such snow or ice to be removed or the place made reasonably safe within a reasonable time after the receipt of such notice".

The court properly denied the city's motion for summary judgment as triable issues of fact exist as to (1) whether the proximate cause of the plaintiff's injuries was a negligent failure to remove snow or ice, or the existence of a dangerous condition created by the metal pipe, or a combination of both the aforenoted factors, and (2) the degree of fault, if any, attributable to the city.

The plaintiff's failure to comply with the city's prior written notice requirements does not necessarily absolve the city of liability since that requirement is applicable only to the extent that the plaintiff's injuries were proximately caused by the negligent failure to remove snow and ice from the subject sidewalk. This is evidenced by the express language of section 199, which reads "[t]hat no such action shall be maintained for damages or injuries to person or property sustained *solely* in consequence of the snow or ice upon any sidewalk" (emphasis supplied), unless written notice of the condition is given the commissioner or acting commissioner of public works. To the extent the dangerous condition created by the metal pipe was a proximate cause of the plaintiff's injuries, a failure to show compliance with Charter of the City of Peekskill § 199 does not warrant dismissal of the action because a metal pipe protruding above the surface of the sidewalk does not constitute a defect within the meaning of that provision *(see, Schare v Incorporated Vil. of E. Rockaway,* 95 AD2d 802; *see also, Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362). Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.