■ ROBERT OCASIO et al., Appellants, v CITY OF MIDDLETOWN et al., Respondents.—In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Patsalos, J.), dated May 26, 1987, which granted the motion of the defendant P. J. Reilly-Morse Funeral Home, Inc., for summary judgment dismissing the complaint as against it and the cross motion of the City of Middletown for summary judgment dismissing the complaint as against it, and (2) from a judgment of the same court, dated March 26, 1987, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by deleting the provision thereof dismissing the complaint as against the defendant City of Middletown, and the order is modified by deleting the provision thereof granting the cross motion of the City of Middletown for summary judgment dismissing the complaint as against it and substituting therefor a provision denying that cross motion; as so modified the judgment is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the defendant City of Middletown.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Prior written notice laws, such as the City of Middletown

Code § 30, serve to limit or reduce a municipality's duty to keep its sidewalks in good repair by insulating the municipality from liability for defects in streets and sidewalks which are the result of nonfeasance *(see, Barrett v City of Buffalo,* 96 AD2d 709). Prior written notice laws are in derogation of the common law and, thus, are to be strictly construed *(Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362). When read strictly, City of Middletown Code § 30 refers to physical conditions in the surface of a sidewalk, such as holes and breaks of a kind which do not immediately come to the attention of the municipal officers unless they are given actual notice thereof *(see, Doremus v Incorporated Vil. of Lynbrook, supra,* at 365), as opposed to a feature constructed in the street or sidewalk for a special use, such as manhole covers which furnish access to underground storm sewer drains. Based on a strict construction of the city's prior written notice law, the dangerous condition created by a missing manhole cover in the sidewalk does not constitute a sidewalk defect within the meaning of City of Middletown Code § 30 *(see, Schare v Incorporated Vil. of E. Rockaway,* 95 AD2d 802; *Appelbaum v City of Long Beach,* 8 AD2d 818; *Di Lorenzo v Village of Endicott,* 70 Misc 2d 159; *Atkinson v Village of Ossining,* 32 Misc 2d 856; *cf., Drake v City of Buffalo,* 95 Misc 2d 29). Furthermore, where there is evidence that a manhole constitutes a "special use" of the sidewalk by the municipality, as here, the prior written notice requirements are not applicable *(see, Clark v City of Rochester,* 25 AD2d 713; *Smith v City of Corning,* 14 AD2d 27; *Filsno v City of Rochester,* 10 AD2d 663; *Atkinson v Village of Ossining, supra; cf., Schare v Incorporated Vil. of E. Rockaway, supra).* Consequently, noncompliance with the city's prior written notice law is not a ground for granting the city's cross motion for summary judgment dismissing the complaint as against it. Thompson, Rubin and Eiber, JJ., concur.

Mollen, P. J., and Sullivan, J., concur in part and dissent in part and vote to dismiss the appeal from the order and to affirm the judgment, with the following memorandum: The plaintiffs instituted this action to recover damages resulting from Robert Ocasio's fall on a sidewalk owned by the defendant City of Middletown and abutting the premises owned by the defendant P. J. Reilly-Morse Funeral Home, Inc., at the intersection of Cottage Street and Railroad Avenue. According to the injured plaintiff's deposition testimony, he broke his ankle when he fell "about a foot down" into a hole created by a missing manhole cover in the sidewalk.

As a general rule, an abutting owner is not liable for the

maintenance of a public sidewalk in front of his premises *(see, City of Rochester v Campbell,* 123 NY 405; *Lodato v Town of Oyster Bay,* 68 AD2d 904). An exception to this rule exists when "there is some feature in the construction of a sidewalk, not connected with the public use, which confers a special benefit on his property" *(Gordon v City of Albany,* 278 App Div 233, 235; *Smith v City of Corning,* 14 AD2d 27, 29; *see also,* 5B Warren's Negligence in the New York Courts, at 953-954 [3d ed]). There is no evidence in the record showing that the defendant funeral home, as an abutting landowner, controlled, maintained or derived any special benefit from either the subject manhole or sidewalk. Consequently, the court properly granted the defendant funeral home's motion for summary judgment dismissing the complaint as against it *(see, Keirnan v Thompson,* 137 AD2d 957).

The court also properly granted the defendant City of Middletown's cross motion for summary judgment dismissing the complaint as against it for noncompliance with the prior written notice requirements of City of Middletown Code § 30. Since the accident was allegedly caused by a physical defect in the surface of a sidewalk, i.e., a hole attributable to a missing storm sewer manhole cover, the prior written notice requirement of City of Middletown Code § 30 is applicable *(see, Gallo v Town of Hempstead,* 124 AD2d 700; *Zigman v Town of Hempstead,* 120 AD2d 520; *cf., Turco v City of Peekskill,* 133 AD2d 369; *Schare v Incorporated Vil. of E. Rockaway,* 95 AD2d 802). In support of its motion, the city proffered evidence that the appropriate officials had not received prior written notice with respect to the claimed defect. The plaintiffs have not submitted any evidence indicating to the contrary. Furthermore, the plaintiffs failed to proffer evidentiary facts sufficient to create bona fide issues regarding the city's role in creating the defective condition or in any affirmative tortious conduct which would have exempted the plaintiffs from establishing compliance with City of Middletown Code § 30 *(Gallo v Town of Hempstead, supra; Zigman v Town of Hempstead, supra; cf., Barrett v City of Buffalo,* 96 AD2d 709). In the absence of a triable issue of fact, dismissal of the complaint at this stage of the proceeding was proper.