■ BONNEY GOLDBERG, as Mother and Natural Guardian of STEPHANIE J. GOLDBERG, an Infant, et al., Respondents, v TOWN OF HEMPSTEAD, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated June 8, 1988, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, the motion is granted, and the complaint is dismissed, with costs.

In June 1986, the infant plaintiff tripped and fell on a walkway in Baldwin Park in the Town of Hempstead, sustaining physical injuries. It was alleged that her injuries were caused by the defendant town's failure to remedy the defective and dangerous condition of the walkway. The defendant subsequently moved for summary judgment dismissing the complaint on the ground that it did not have prior written notice of the allegedly defective condition of the walkway (see, Town of Hempstead Code, ch 6, § 6-2). In support of this motion the defendant submitted an affidavit of the Deputy Commissioner of the Department of Parks and Recreation of the Town of Hempstead in which he stated that he had caused a search of the records of the town to be conducted and that no prior written notice of this allegedly dangerous walkway had been discovered. In response, the plaintiffs submitted an affidavit of the infant plaintiff's mother wherein she indicated that when she reported the accident to a park employee, the employee responded by noting that "that should have been fixed a long time ago". The court denied the defendant's motion, finding, inter alia, that the affidavit submitted by the Deputy Commissioner was deficient because it was not based on personal knowledge, and this appeal ensued.

Contrary to the Supreme Court's finding, we conclude that the affidavit of a town official charged with the duty of overseeing that town's park and recreational facilities indicating that he has caused a search of the town's records and that the search revealed no prior written notice of the defective or dangerous condition alleged to exist at such a facility is sufficient to establish that no such prior written notice was filed with the town (see, Goldston v Town of Babylon, 145 AD2d 534; Englehardt v Town of Hempstead, 141 AD2d 601; Zigman v Town of Hempstead, 120 AD2d 520). Moreover, the defendant was not required to establish that the notices of claim filed against the town pursuant to General Municipal Law § 50-e had been searched and revealed no prior written notice of defect. We note that at the time this accident occurred such notices were indexed alphabetically according to the claimant's surname (see, General Municipal Law former § 50-f), making the search thereof for the purpose of ascertaining whether a prior written notice of defect with respect to a particular location had been filed a virtually insurmountable task. That section has since been amended, however, so that when the claim involved "relates to a cause of action against a

municipal corporation or any such authority or commission for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being out of repair, unsafe, dangerous or obstructed, or in consequence of the existence of snow or ice thereon," the municipality must also index the notice of claim "according to the location of the alleged defective, unsafe, dangerous or obstructed condition" (L 1987, ch 603, § 1 [1]).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.