■ LUANNE WATERS, as Mother and Natural Guardian of NICHOLAS MAURIELLO, an Infant, Respondent, v TOWN OF HEMPSTEAD, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Robbins, J.), entered October 5, 1989, which denied its motion for summary judgment dismissing the complaint.

Ordered, that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The infant plaintiff was injured on July 17, 1983, when he tripped and fell over an obstruction located on park property allegedly owned and operated by the defendant Town of Hempstead. Although the complaint identified the obstruction in question as an "iron sign post", subsequent pretrial discovery led to the identification of this object as the "remains of an old fire pump hydrant". As far as can be judged from the evidence contained in the record, the pump hydrant which once existed at this site had been connected to an underground well, rather than to a water main. Thus, the remains of this old pump hydrant currently serve no municipal purpose.

After the completion of discovery, the defendant moved for summary judgment based on the provisions of Town of Hempstead Code § 6-2. This section of the Town Code provides that no civil action may be brought against the town to recover for personal injuries sustained "by reason of any * * * park property, no matter where situated, being defective, out of repair, unsafe, dangerous or obstructed" unless the Town Clerk had received actual written notice of the alleged defect prior to the accident. The plaintiff's bill of particulars specifies that the accident in this case occurred "[o]n the Town of Hempstead property known as Market Lane Park." The plain-

tiff's complaint also identifies the location of the accident as "Market Lane Park". It is therefore clear that Town of Hempstead Code § 6-2 applies to this case. Pursuant to the plain meaning of this ordinance, we conclude that, since the plaintiff has failed to rebut the defendant's proof that no prior written notice of defect had been served, no civil action for damages may be maintained.

The Supreme Court properly noted that there was no evidence that the town had created the allegedly unsafe condition. However, in reliance on our decisions in *Turco v City of Peekskill* (133 AD2d 369) and *Schare v Incorporated Vil. of E. Rockaway* (95 AD2d 802), the Supreme Court concluded that a "metal object protruding above the surface does not constitute a defect within the meaning of [the ordinance]". The court erred in applying the holdings reflected in *Turco (supra)* and *Schare (supra)* to the particular facts of this case.

It is clear that an object—metal or otherwise—which protrudes above or in some other way obstructs the surface of municipal property may be considered a defect for the purposes of laws similar to the one under review in this case *(see, Bimstein v Levine,* 129 AD2d 757; *Rehfuss v City of Albany,* 118 AD2d 987; *Fein v City of Long Beach,* 123 AD2d 662). Such notice laws may be applied to dangerous conditions related to the placement of fixtures or appurtenances on municipal property *(see, Shaw v City of Auburn,* 59 NY2d 780, *affg* 91 AD2d 817 *for reasons stated at the App Div* [plaintiff tripped over depressed manhold cover]; *see also, Pittel v Town of Hempstead,* 154 AD2d 581 [pavement over fuel oil pipe fitting]; *Bimstein v Levine, supra* [water pipe]; *Zigman v Town of Hempstead,* 120 AD2d 520, 521 [sewer fixture curb]; *Freeman v County of Nassau,* 95 AD2d 363 [sign stanchion]). When such fixtures are bent, broken, abandoned or neglected, it is clear that they may become dangerous obstructions within the meaning of prior notice statutes or ordinances.

Cases which appear to be to the contrary *(e.g., Ocasio v City of Middletown,* 148 AD2d 431; *Turco v City of Peekskill, supra; Schare v Incorporated Vil. of E. Rockaway, supra; Appelbaum v City of Long Beach,* 8 AD2d 818) can be distinguished on at least two grounds. First, in several of such cases, the terms of the relevant ordinances were arguably more restrictive *(see generally, Drake v City of Buffalo,* 95 Misc 2d 29; *cf., Clark v City of Rochester,* 25 AD2d 713; *Smith v City of Corning,* 14 AD2d 27). By contrast, the ordinance under review in this case is as broad as possible, since it applies to any "unsafe" condition on any "park property" (Town of Hempstead Code

§ 6-2). Second, in several such cases, the " 'special use' " exception *(see, e.g., Di Lorenzo v Village of Endicott,* 70 Misc 2d 159, 160) was properly applied to a dangerous condition inherent in the placement of a fixture or appurtenance which served some existing municipal function. In this case, however, the "special use" exception is not properly applicable to the remnants of a long-abandoned fire hydrant.

For these reasons Town of Hempstead Code § 6-2 should be applied in accordance with its plain terms *(see also, Goldberg v Town of Hempstead,* 156 AD2d 639; *Mogil v Town of Hempstead,* 152 AD2d 687). Since the town was never given prior written notice of the defect in the park property which allegedly caused the plaintiff to trip and fall, the town is entitled to summary judgment in its favor. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.