■ Naomi Weinfeld et al., Respondents, v J. Robert Roth Associates, Inc., et al., Appellants, et al., Defendant. (Appeal No. 1.)—Appeal from order by defendants J. Robert Roth Associates, Inc., and Roth unanimously dismissed and otherwise order affirmed with costs. Memorandum: Since the motion of defendants Jay Robert Roth and J. Robert Roth Associates, Inc., relied on the same argument advanced in their prior motion and presented no new matter which was unavailable to them prior to the denial of such previous motion, the motion was, in reality, a motion to reargue *(see, Empire Ins. Co. v Food City,* 167 AD2d 983). Thus, the order from which said defendants seek to appeal was, in fact, an order denying a motion to reargue, and such orders are not appealable *(Empire Ins. Co. v Food City, supra).* In any event, Supreme Court properly denied all of the defendants' motions for summary judgment, since the issue whether plaintiff fell on a "sidewalk", as that term is used in section 83-9-5 (5-1) of the Town of Amherst Code, presents a question of fact to be determined at trial. (Appeals from Order of Supreme Court, Erie County, Wolf, J.—Summary Judgment.) Present—Callahan, A. P. J., Doerr, Boomer, Balio and Lawton, JJ.

■ Naomi Weinfeld et al., Appellants, v J. Robert Roth Associates, Inc., et al., Appellants, and Town of Amherst, Respondent. (Appeal No. 2.)—Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of the defendant Town of Amherst for summary judgment. Pursuant to the Town Law, no action may be maintained unless prior written notice of the defect is given (Town Law § 65-a [2]; *see, Bimstein v Levine,* 129 AD2d 757, 758; *Zigman v Town of Hempstead,* 120 AD2d 520, 521; *Abbatecola v Town of Islip,* 97 AD2d 780). In the absence of compliance with the statutory notice provision, no cause of action exists even if the municipality had actual notice of the defect *(see, Zimmerman v City of Niagara Falls,* 112 AD2d 17; *Drzewiecki v City of Buffalo,* 51 AD2d 870, 871).

Affidavits submitted by the Town on its motion from the Town Clerk and Superintendent of Highways were sufficient to satisfy its initial burden that no prior written notice was filed with the Town *(see, Goldberg v Town of Hempstead,* 156 AD2d 639, 640). Plaintiffs then failed to satisfy their burden "that written notice had been given to the town or that the town was affirmatively negligent so as to create an issue of fact necessitating a trial" *(Goldston v Town of Babylon,* 145 AD2d 534, 535; *Zigman v Town of Hempstead, supra,* at 521). (Appeals from Order of Supreme Court, Erie County, Wolf, J. —Summary Judgment.) Present—Callahan, A. P. J., Doerr, Boomer, Balio and Lawton, JJ.