FOURTH DEPARTMENT, NOVEMBER, 1992

(November 18, 1992)

■ LOUIS C. MONTANTE, Appellant, v CITY OF ROCHESTER et al., Respondents.—Order unanimously reversed on the law with costs, motion and cross motion denied and complaint reinstated. Memorandum: Plaintiff commenced this action to recover damages for injuries allegedly sustained when he tripped over a metal sign sleeve protruding about six inches above a sidewalk in the City of Rochester. Plaintiff alleged that the dangerous condition was caused, created or maintained by the County of Monroe and the City of Rochester. The County, in moving for summary judgment, presented conflicting evidence concerning whether the County had constructive notice of the dangerous condition. Although the sign sleeve was installed by a contractor employed by the City of Rochester, the manager of that construction project testified at an examination before trial that it was the County's responsibility to install the accompanying sign and post. Further, pursuant to an agreement with the City, the County had undertaken the duty to install and maintain traffic control signs within the City of Rochester. On the other hand, the County proffered documents certifying that the City contractor had relocated six signs along the south side of Church

Street as part of the Church Street Improvement Project, and the County suggested that the subject sign was one of the relocated signs. Supreme Court erred by resolving the credibility issues presented on the record before it in the County's favor *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341).

The court further erred in granting that part of the City's cross motion for summary judgment seeking dismissal of the complaint upon the ground that no written notice of the defect had been filed with the City Engineer prior to the incident. The dangerous condition in this case—the sleeve without accompanying sign post—is not a defect within the meaning of the charter provision (Rochester City Charter § 7-13; *see also,* General Municipal Law § 50-e [4]; § 50-g) requiring written notice of defects in sidewalks *(see, Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 366; *Flynn v Town of N. Hempstead,* 97 AD2d 430; *see also, Turco v City of Peekskill,* 133 AD2d 369; *Schare v Incorporated Vil. of E. Rockaway,* 95 AD2d 802). Moreover, factual issues exist concerning whether the dangerous condition was created by the City and whether the sign constituted a "special use" of the sidewalk by the City. Under either circumstance, those provisions requiring the filing of written notice of defect do not apply *(see, Kiernan v Thompson,* 73 NY2d 840; *Clark v City of Rochester,* 25 AD2d 713; *Filsno v City of Rochester,* 10 AD2d 663). (Appeal from Order of Supreme Court, Monroe County, Boehm, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Balio, Lawton and Fallon, JJ.