■ LORRAINE POIRIER et al., Respondents, v CITY OF SCHE-NECTADY, Appellant. [607 NYS2d 986] —Mercure, J. Appeal from a judgment of the Supreme Court (Doran, J.), entered February 17, 1993 in Schenectady County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs commenced this action to recover for injuries that plaintiff Lorraine Poirier (hereinafter plaintiff) sustained when she tripped over a sign post anchor protruding from a sidewalk along State Street in the City of Schenectady, Schenectady County. Defendant's motions to dismiss pursuant to its Charter, for failure to provide written notice at least 24 hours previous to such injuries, were denied. Following a trial, the jury awarded plaintiffs damages of $90,644.50 and apportioned liability between the parties. Supreme Court entered judgment. Defendant appeals.

We reverse. Initially, contrary to Supreme Court's ruling, defendant argues that the sign post anchor over which plaintiff tripped is a defect or obstruction encompassed by the prior written notice requirement in defendant's Charter, which requires notice "for damages or injuries to person or property sustained in consequence of * * * [a] sidewalk or crosswalk being * * * out of repair, defective, dangerous, unsafe or obstructed". We agree. Although notice provisions such as the one at issue here are in derogation of the common law and must be strictly construed (see, Doremus v Incorporated Vil. of Lynbrook, 18 NY2d 362, 365), the weight of authority requires that the protrusion of a five-inch sign anchor be considered a defect or obstruction within the meaning of defendant's Charter provision (see, Monteleone v Incorporated Vil. of Floral Park, 74 NY2d 917; Bisulco v City of New York, 186 AD2d 84 [1st Dept]; Rehfuss v City of Albany, 118 AD2d 987; cf., Montante v City of Rochester, 187 AD2d 924 [4th Dept]; Turco v City of Peekskill, 133 AD2d 369 [2d Dept]; Schare v Incorporated Vil. of E. Rockaway, 95 AD2d 802 [2d Dept]; but see, Waters v Town of Hempstead, 166 AD2d 584 [2d Dept]).

Nor does the instant matter come within an established exception to the prior written notice provision. First, we reject

plaintiffs' argument that the evidence presented at trial, including testimony that the sign had been attached to the sign anchor with a vandal-resistant bolt, raised an issue of fact as to whether defendant was affirmatively negligent in creating the defect by removing the sign itself *(cf., Rehfuss v City of Albany, supra)*. Similarly, because signs controlling vehicular traffic and parking are an integral part of providing safe streets and thus not specifically installed for the benefit of a particular party, sign posts and anchors cannot be considered a special use *(see, Bisulco v City of New York, supra,* at 85; *see also, Shaw v City of Auburn,* 59 NY2d 780; *Nickelsburg v City of New York,* 263 App Div 625, 626; *cf., Montante v City of Rochester, supra,* at 925).

Cardona, P. J., White, Casey and Weiss, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and complaint dismissed.