■ JOHN SCHOENHERR, Appellant, v ERNEST SEUSS REALTY CORP. et al., Defendants, and CITY OF NEW ROCHELLE, Respondent. (And a Third-Party Action.) [614 NYS2d 54] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered November 6, 1992, which granted the defendant City of New Rochelle's motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff claimed that he slipped and fell on ice in a curb cut abutting the defendant North Avenue Car Wash, Inc. (hereinafter the car wash). The icy condition was allegedly caused by water runoff from the car wash's lot. A cause of action sounding in negligence was asserted against the defendant City of New Rochelle (hereinafter the City) on the ground that it allowed construction of the curb cut without making adequate provision for drainage.

We hold that the Supreme Court properly granted the City's

motion for summary judgment on the ground that the City lacked prior written notice of the dangerous condition as required by the New Rochelle City Charter, art XII, § 127A.

Uncontroverted deposition testimony by the City's representative established that the permit issued by the City to the defendant car wash merely allowed it to replace a sidewalk to existing specifications, and that the curb cut on which the plaintiff fell existed before the work was done pursuant to the permit. Absent evidence that the City caused the condition or that it created or benefited from a special use of the curb cut, the plaintiff's failure to plead and prove the prior written notice required by law defeated his action *(see, Ferris v County of Suffolk,* 174 AD2d 70; *Freeman v County of Nassau,* 95 AD2d 363; *see also, Schare v Incorporated Vil. of E. Rockaway,* 95 AD2d 802; *compare, Karr v City of New York,* 161 AD2d 449). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.