*312
 
 OPINION OF THE COURT
 

 Ciparick, J.
 

 The Schenectady City Charter contains a provision that bars civil actions against the City for damages or injuries resulting from defective, dangerous, unsafe, obstructed or out of repair streets, sidewalks, crosswalks or similar public thoroughfares unless the injured party can demonstrate that the Schenectady Commissioner of Public Works had prior written notice of the offending condition and failed or neglected to remedy the condition within a reasonable time after receipt of the notice. We conclude that a protruding traffic sign post anchor is the type of dangerous, defective, unsafe or obstructed condition for which the Schenectady City Charter requires written notice as a condition precedent to an action seeking damages from an accident occasioned by the sign post anchor.
 

 On August 6, 1990, plaintiff Lorraine Poirier sustained injuries when she tripped over a metal traffic sign post anchor
 
 *313
 
 protruding four inches above the sidewalk adjacent to State Street in Schenectady. Together with her husband, plaintiff filed a notice of claim against defendant alleging that its negligent maintenance of the sidewalk caused the hazardous condition resulting in her accident and injuries. Thereafter, plaintiffs instituted this action against defendant seeking damages for the personal injuries resulting from the fall, and for loss of society and services on behalf of Mr. Poirier. In its answer, defendant interposed an affirmative defense alleging that the action was barred by section C7-1
 
 [1]
 
 of the City Charter since defendant did not have prior written notice of the defect or obstruction described in the complaint.
 

 The action proceeded to trial before a jury. After the close of plaintiffs’ proof, Supreme Court denied defendant’s motion to dismiss on the ground that plaintiffs failed to demonstrate compliance with the prior written notice provision of the Schenectady City Charter, and likewise denied defendant’s motion for a directed verdict upon conclusion of its case. The jury returned a verdict awarding plaintiffs $90,644.50 in damages, and apportioned liability between the parties. Supreme Court entered judgment accordingly. The Appellate Division reversed, finding defendant did not have written notice of the obstruction prior to plaintiff’s accident as mandated by the City Charter, and dismissed the complaint. We now affirm the order of the Appellate Division.
 

 Prior written notice provisions, enacted in derogation of common law, are always strictly construed
 
 (see, Doremus v Incorporated Vil. of Lynbrook,
 
 18 NY2d 362, 366). Unless the injured party can demonstrate that a municipality failed or neglected to remedy a defect within a reasonable time after receipt of written notice, a municipality is excused from liability absent proof of prior written notice or an exception thereto
 
 (see, Barry v Niagara Frontier Tr. Sys.,
 
 35 NY2d 629,
 
 *314
 
 633-634). Practically, prior written notice provisions result in limiting a locality’s duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location
 
 (see, Doremus v Incorporated Vil. of Lynbrook,
 
 18 NY2d, at 366,
 
 supra; Hughes v Jahoda,
 
 75 NY2d 881, 882). This comports with the reality that municipal officials are not aware of every dangerous condition on its streets and public walkways, yet imposes responsibility for repair once the municipality has been served with written notice of an obstruction or other defect, or liability for the consequences of its nonfeasance, as the case may be.
 

 An abandoned metal sign post anchor, distinct from the traffic sign missing from its post, constitutes an obstructed condition under section C7-1 of the Schenectady City Charter for which prior written notice is a prerequisite to a negligence action against the City
 
 (see, Monteleone v Incorporated Vil. of Floral Park,
 
 74 NY2d 917, 918;
 
 Alexander v Eldred,
 
 63 NY2d 460, 467;
 
 accord, Waters v Town of Hempstead,
 
 166 AD2d 584). The protrusion created by the anchor rendered the sidewalk physically defective, dangerous and unsafe to pedestrians,
 
 [2]
 
 and is certainly the type of condition defendant is obligated to correct once it is aware that the hazard exists on property it is charged with maintaining
 
 (see, Kiernan v Thompson,
 
 73 NY2d 840, 841-842). Although plaintiffs offered the testimony of a shopkeeper who worked in the vicinity of the abandoned anchor, who claimed he too tripped over the obstruction and telephoned the Schenectady City Engineer to report this condition, plaintiffs could not prove defendant had prior written notice as required by the Charter in order to maintain their action.
 

 Nor could plaintiffs demonstrate that the facts of this case fall within an established exception to the general rule mandating prior notice. The anchor did not create a "special
 
 *315
 
 use” of the sidewalk exempt from the notice requirement
 
 (see, Alexander v Eldred,
 
 63 NY2d, at 466-467,
 
 supra).
 
 Traffic signs are intended to promote the orderly flow of vehicular and pedestrian traffic, and the posts and anchors are generally maintained by the municipality in the discharge of its duty to create safe streets. However, this does not translate into a special use; the signs do not confer a special benefit upon the municipality, or the motorists and pedestrians who use the public streets and sidewalks
 
 (see, id.; Doremus v Incorporated Vil. of Lynbrook,
 
 18 NY2d, at 365-366,
 
 supra; Clark v City of Rochester,
 
 25 AD2d 713, 714;
 
 Nickelsburg v City of New York,
 
 263 App Div 625;
 
 D'Ambrosio v City of New York,
 
 55 NY2d 454, 462-463). Indeed, the trial testimony did not even definitely establish that defendant installed the anchor or erected the sign post. Apparently, the sign post and anchor were part of a reconstruction project on State Street, alleged to be the product of a cooperative effort with the State. The special use exception is reserved for situations where a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use, and is therefore required to maintain a portion of that property
 
 (see, Kieman v Thompson,
 
 137 AD2d 957, 958).
 

 Further, plaintiffs failed to show that defendant created the obstructed condition by an affirmative act of negligence, another recognized exception, as to render the Charter’s prior notice provision inapplicable
 
 (see, Buccellato v County of Nassau,
 
 158 AD2d 440, 441,
 
 lv denied
 
 76 NY2d 703;
 
 Haviland v Smith,
 
 91 AD2d 764, 765;
 
 see also, Hughes v Jahoda,
 
 75 NY2d, at 883,
 
 supra).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Order affirmed, with costs.
 
 *319
 

 Matter of Nester v Nester,
 
 135 AD2d 878;
 
 Matter of Morrison v Morrison,
 
 132 AD2d 985.)
 

 [1]
 

 . Section C7-1 provides: "No civil action shall be maintained against the City of Schenectady for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed in consequence of the existence of ice or snow thereon, or out of repair, defective, dangerous, unsafe or obstructed in any other way or manner unless it is made to appear that written notice thereof relating to the particular time and place and condition of such street, highway, bridge, culvert, sidewalk or crosswalk was actually given to the Commissioner of Public Works at least twenty-four hours previous to such damage or injury and that there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remove the defect, danger or obstruction complained of.”
 

 [2]
 

 . To the extent that
 
 Turco v City of Peeks kill
 
 (133 AD2d 369) and
 
 Montante v City of Rochester
 
 (187 AD2d 924) conflict with this conclusion, they are not to be followed. In affirming Supreme Court’s denial of summary judgment to defendant City in
 
 Turco,
 
 the Appellate Division, Second Department, held that a metal pipe protruding six inches above the sidewalk surface adjacent to a public highway was not a defect within the meaning of Peekskill’s prior written notice provision
 
 (accord, Ocasio v City of Middle-town,
 
 148 AD2d 431). In
 
 Montante,
 
 the Appellate Division, Fourth Department, reversed Supreme Court’s award of summary judgment to defendant City, finding that a "sleeve without accompanying sign post” was not a defect within the meaning of Rochester’s prior written notice provision.