■ NANCY L. SISTO, Respondent, v AIRBORNE FREIGHT CORPORATION et al., Appellants, TOWN OF SMITHTOWN, Respondent, et al., Defendant. (And a Third-Party Action.) [720 NYS2d 356] —In an action to recover damages for personal injuries, the defendants Airborne Freight Corporation and William J. Barry appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated October

14, 1999, as granted the motion of the defendant Town of Smithtown for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) from a judgment of the same court dated November 4, 1999, which, upon the order, dismissed the complaint and all cross claims insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from so much of the judgment as, upon the order, dismissed the complaint insofar as asserted against the defendant Town of Smithtown, is dismissed on the ground that the appellants are not aggrieved by that portion of the judgment (see, CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the defendant-respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The provision of the Code of Town of Smithtown requiring 15 days prior written notice applies to the alleged defect in this case and precludes a finding of liability on the cross claims against the Town of Smithtown in the absence of such notice (see, Code of Town of Smithtown § 245-13; Poirier v City of Schenectady, 85 NY2d 310; Burgess v Town of Hempstead, 161 AD2d 616).

The appellants' remaining contentions are without merit. Ritter, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.