Trazzera v County of Nassau (2026 NY Slip Op 01084)

Trazzera v County of Nassau

2026 NY Slip Op 01084

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-11907
 (Index No. 612712/22)

[*1]Salvatore Trazzera, appellant, 
vCounty of Nassau, et al., defendants, Incorporated Village of Massapequa Park, respondent.

Salerno & Goldberg, P.C., Deer Park, NY (Allen Goldberg of counsel), for appellant.
Nicole E. Lesperance, Melville, NY (Dominic Zafonte of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered October 18, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendant Incorporated Village of Massapequa Park which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the Incorporated Village of Massapequa Park, among others, to recover damages for personal injuries he allegedly sustained when he tripped and fell on a downed parking sign in a parking lot owned by the Village. The Village moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not have prior written notice of the alleged condition. In an order entered October 18, 2024, the Supreme Court, among other things, granted that branch of the motion. The plaintiff appeals.
"A municipality that has adopted a prior written notice law cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies" (Barnes v Incorporated Vil. of Port Jefferson, 120 AD3d 528, 529; see Amabile v City of Buffalo, 93 NY2d 471, 474). "To be entitled to summary judgment, the municipality must first establish that it lacked prior written notice of the alleged defect" (Douglas v City of Mount Vernon, N.Y., 226 AD3d 973, 974; see Discepolo v County of Nassau, 226 AD3d 646, 647). Once a municipality makes a prima facie showing, "the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Yarborough v City of New York, 10 NY3d 726, 728; see Douglas v City of Mount Vernon, N.Y., 226 AD3d at 974).
Contrary to the plaintiff's contention, prior written notice of the downed parking sign was required as a prerequisite to a negligence action against the Village (see Code of Village of Massapequa Park § 298-27; Poirer v City of Schenectady, 85 NY2d 310, 314; Waters v Town of Hempstead, 166 AD2d 584, 585). Here, the Village established, prima facie, that it did not have [*2]prior written notice of the allegedly defective condition in the parking lot through an affidavit of the Village Administrator, who averred that her search of the Village's relevant records revealed no prior written notice of any dangerous or defective condition at the subject location (see Discepolo v County of Nassau, 226 AD3d at 647; Lyons v Inc. Vil. of Garden City, 225 AD3d 679, 681). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Village had prior written notice.
Contrary to the plaintiff's contention, he did not raise a triable issue of fact as to the affirmative negligence exception. That exception is limited to work by the municipality "that immediately results in the existence of a dangerous condition" (Oboler v City of New York, 8 NY3d 888, 889 [internal quotation marks omitted]; see Yarborough v City of New York, 10 NY3d at 728). The affidavit of the plaintiff's expert was insufficient to raise a triable issue of fact, as it was conclusory and speculative (see O'Brien v Village of Babylon, 196 AD3d 494, 496). Furthermore, the plaintiff did not identify any evidence tending to show that the Village conducted work in the subject area which immediately resulted in the creation of the alleged defect (see Wilson v Incorporated Vil. of Freeport, 212 AD3d 870, 872; Smith v City of Mount Vernon, 101 AD3d 847, 848).
Accordingly, the Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court