■ Elena Napolitano, Appellant, v Munish K. Dhingra et al., Respondents. [672 NYS2d 369] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Cusick, J.), entered February 10, 1997, which, upon the defendants' motion, made at the close of the plaintiff's case, dismissed the complaint for failure to establish a prima facie case of negligence.

Ordered that the judgment is reversed, on the law, the motion is denied, and a new trial is granted, with costs to abide the event.

This is an action to recover damages for personal injuries allegedly sustained by the plaintiff when she slipped and fell on a throw rug in the defendants' home. At the close of the plaintiff's case, the defendants moved to dismiss the complaint as a matter of law on the ground that the plaintiff had failed to establish a prima facie case of negligence. The Supreme Court granted the defendants' motion, and this appeal ensued. We reverse.

It is well established that to be entitled to a judgment as a matter of law, "the defendant movant must demonstrate that the plaintiff failed to make out a *prima facie* case; the plaintiff's evidence must be accepted as true, and the plaintiff must be given the benefit of every favorable inference which can be reasonably drawn from the evidence" (*Campbell v Rogers & Wells*, 218 AD2d 576, 580; *see, Xenakis v Vorilas,* 166 AD2d 586; *Cruz v New York City Tr. Auth.,* 136 AD2d 196). Only when there is no rational process by which the jury could find for the plaintiff against the defendant should the motion be granted (*see, Campbell v Rogers & Wells, supra; Harding v Noble Taxi Corp.,* 182 AD2d 365).

Measured by these standards, the plaintiff's evidence established a prima facie case of negligence against the defendants, and the trial court therefore erred in granting the defendants' motion for judgment following the presentation of the plaintiff's case. Here, the testimony of the plaintiff and a housekeeper, when viewed in the appropriate light, was sufficient to establish that the floor where the accident occurred was hard, smooth, shiny, and slippery, and that the throw rug did not have an appropriate backing to prevent it from moving when stepped on (*see, Ashton v Bobruitsky,* 214 AD2d 630; *Ordway v Hilliard,* 266 App Div 1056). Furthermore, on the question of notice, there was evidence that the plaintiff had seen Mrs. Dhingra slip on the rug "[m]any times", and that the plaintiff herself had informed the defendants of the dangerous condition prior to her accident. Thus, actual notice of the defect was established for purposes of a prima facie case. Finally, there was evidence from which it reasonably could be inferred that the condition created by the combination of a slippery floor and an unsecured throw rug was a substantial cause of the events which produced the plaintiff's injury (*see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). Accordingly, the court should not have granted the defendants judgment as a matter of law, and the plaintiff is entitled to a new trial. Bracken, J. P., Thompson, Pizzuto and Florio, JJ., concur.