LYNN B. POSNER, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [813 NYS2d 106]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Dye, J.), entered August 27, 2003, which, upon the granting of the defendant's motion pursuant to CPLR 4401, made at the close of the evidence, to dismiss the complaint as a matter of law for failure to establish a prima facie case, is in favor of the defendant and against the plaintiff dismissing the complaint.

Ordered that the judgment is reversed, on the law, the motion is denied, and a new trial is granted, with costs to abide the event.

This is an action to recover damages for personal injuries allegedly sustained by the plaintiff's decedent when he slipped and fell on a manhole cover owned by the defendant New York City Transit Authority located in the intersection of Court Street and Joralemon Street in downtown Brooklyn. The plaintiff alleged violations of, inter alia, Administrative Code of City of NY § 19-147. This section requires, among other things, the replacement of broken or slippery manhole covers at the direction of the Commissioner of the Department of Transporta-

tion. The plaintiff also relies on the Department of Transportation Bureau of Highways Rules & Regulations (34 RCNY) § 2-33 (h), which expired on May 31, 1998, but which was in effect at the time the incident. Among other things, it required utilities, agencies, or other permitees to maintain manhole covers and to replace or repair broken or slippery manhole covers.

At the close of the evidence, the defendant moved to dismiss the complaint as a matter of law on the ground that the plaintiff failed to establish a prima facie case of negligence. The Supreme Court granted the defendant's motion, reasoning that, inter alia, the statutes allegedly violated were inapplicable and no notice of any defect was given to the defendant prior to the accident. We reverse.

To be entitled to judgment as a matter of law, "the defendant-movant must demonstrate that the plaintiff failed to make out a prima facie case; the plaintiff's evidence must be accepted as true, and the plaintiff must be given the benefit of every favorable inference which can be reasonably drawn from the evidence" (*Campbell v Rogers & Wells*, 218 AD2d 576, 580 [1995]; *see Napolitano v Dhingra*, 249 AD2d 523, 524 [1998]). Here, the testimony and photographic evidence of the manhole cover established that the cover was slightly depressed. This caused it to trap water. Its surface was smooth, with no skid resistant traction, and a portion of the cover had a piece of asphalt attached to it. The decedent's left foot slipped on the smooth portion of the cover while his other foot caught on the piece of asphalt. Giving the plaintiff the benefit of every favorable inference which can reasonably be drawn from the evidence, we conclude that she established a prima facie case of a defective condition that substantially caused the events which produced the decedent's injury (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

No prior written notice of a defect was given to the defendant. One exception to the prior written notice requirement, however, is the special use doctrine (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). This doctrine authorizes the imposition of liability against any entity that installs an object onto the sidewalk or roadway, for injuries arising out of circumstances where the entity has been permitted to interfere with a street solely for private use and convenience which is in no way connected with the public use (*see Kaufman v Silver*, 90 NY2d 204, 207 [1997]; *Ausderan v City of New York*, 219 AD2d 562, 563 [1995]). Liability may be imposed since the special user has exclusive access to and control of the special use structure or appurtenance. This creates a duty to properly maintain the

structure or appurtenance in a reasonably safe condition (*see Kaufman v Silver, supra; Ocasio v City of Middletown*, 148 AD2d 431, 432 [1989]). This Court has noted that a manhole cover is a feature constructed in the street for a special use, i.e., to provide access to underground equipment or mechanisms (*see Ocasio v City of Middletown, supra; see also Hare v City of New York*, 183 AD2d 682 [1992]; *cf. Drake v City of Buffalo*, 95 Misc 2d 29, 30 [1978]). Whether an entity is liable for creating a defect as a special user is generally a question for the jury (*see e.g. Clark v City of Rochester*, 25 AD2d 713, 714 [1966]; *Smith v City of Corning*, 14 AD2d 27, 28 [1961]; *Filsno v City of Rochester*, 10 AD2d 663 [1960]).

The defendant admittedly owned the manhole cover at issue. The manhole provided access to underground cables that fed power to the defendant's substation. Thus, there was a question of fact for the jury as to the defendant's creation of a defect as a special user (*cf. Filsno v City of Rochester, supra*). Furthermore, since the defendant derived a special benefit from the manhole at issue, alleged violations of the Administrative Code of City of NY § 19-147 and 34 RCNY 2-33 (expired) can be considered as evidence of negligence (*see Hare v City of New York, supra; see generally Elliott v City of New York*, 95 NY2d 730, 734 [2001]).

Accordingly, the court should have submitted the case to the jury, and thus, the plaintiff is entitled to a new trial. Florio, J.P., Crane, Lifson and Dillon, JJ., concur.