■ G.F.A. Advanced Systems, Ltd., et al., Respondents, v Local Ocean LLC et al., Defendants, and Sanit LLC, Appellant. [26 NYS3d 285]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered April 7, 2014, which, to the extent appealed from as limited by the briefs, denied Sanit LLC's motion to vacate a judgment entered against it, unanimously modified, on the law and the facts and in the interest of justice, to grant so much of the motion as sought to preclude enforcement against the "Sanit LLC" operating under tax identification No. xx-xxx1024, and otherwise affirmed, without costs.

"Both the trial court and this court have inherent power, as well as statutory power under CPLR 5015, to set aside a judgment on appropriate grounds" (*McMahon v City of New York*, 105 AD2d 101, 104 [1st Dept 1984]). This unusual case, involving two commercial enterprises, with no business connection to each other, that conducted their operations using the same New York State limited liability company under different tax identification numbers, warrants the exercise of this Court's inherent power in the furtherance of justice to preclude the enforcement of the judgment against the Sanit, LLC operating under tax identification No. xx-xxx1024.

On June 28, 2013, Supreme Court entered an order domesticating a $4 million Israeli judgment against defendants that was obtained in 2012 in connection with a failed fish farming venture in New York. One of the defendants, Sanit LLC, is associated with defendant Efraim Bason also known as Basson, who in his capacity as a member of Sanit LLC consented to both the Israeli judgment and its domestication.

Bason operated Sanit, LLC under tax identification No. xx-xxx2986. After plaintiffs commenced proceedings to enforce the domesticated judgment, it came to light that Gili and Benjamin Haberberg and other entities also conducted business as Sanit LLC, under tax identification No. xx-xxx1024 (Sanit 1024).

Sanit 1024, which was not involved with the fish farming venture, the related judgment, or any of the other parties to this action, established its entitlement to the limited relief indicated above, pursuant to CPLR 5015 (a) (2). Sanit 1024 was not aware of the Israeli judgment or its domestication in New York until the judgment creditor attempted to execute on its assets. This qualifies as newly discovered evidence that, if known at the time of the domestication of the judgment, would have resulted, for the reasons that follow, in the assets of Sanit 1024 being protected from enforcement.

The record establishes that nonparty Doron Hershkovitz originally formed Sanit, LLC for Bason in 2001 to purchase a building. Following a dispute in that matter, Bason changed lawyers and ended his relationship with Hershkovitz. Bason left the Sanit, LLC documents in Hershkovitz's possession, leading Hershkovitz to mistakenly believe that Bason had abandoned Sanit, LLC and that the entity would never be used by Bason. Based on this misconception, in 2002, 10 years before the entry of the Israeli judgment, Hershkovitz offered the Haberberg group the use of the limited liability company to purchase a building, and they obtained tax identification No. xx-xxx1024 for that purpose. However, unbeknownst to the Haberberg group, Bason had not abandoned Sanit LLC and continued to conduct business under that entity using tax identification No. xx-xxx2986.

There is nothing in the record to indicate that Bason and the Haberberg group are in any way related or that either knew of the other's use of the name Sanit, LLC before the judgment was domesticated and enforcement proceedings commenced. Sanit 1024 submitted an undated operating agreement, between Gili and Benjamin Haberberg and MHB Corp., which identified its stated purpose as owning and operating a building. Sanit 1024's federal tax returns for 2006 and 2012, and state returns for 2009 and 2011, used tax identification No. xx-xxx1024. Robert Seiden, a manager employed by Sanit 1024, described the company as a single-entity holding company for the premises known as 1597 York Avenue.

Bason was unfamiliar with, and had never met, Seiden or the Haberbergs. Neither he nor Sanit LLC, operating under tax identification No. xx-xxx2986, owned or had any involvement with 1597 York Avenue. Bason only recently learned that another party was using the name Sanit LLC under a different tax identification number. Dotan Bar Noy, the chief executive officer of plaintiff GFA Advanced Systems Ltd., never met the Haberbergs or Seiden or heard about MHB Corp. until after the domestication of the judgment.

Given these circumstances, it would be manifestly unfair to enforce the judgment against the assets of Sanit 1024. Doing so would harm Sanit 1024 and allow plaintiff to obtain a windfall; plaintiff would be unjustly enriched, as would the Sanit, LLC operating under tax identification No. xx-xxx2986, whose obligation would be lessened by amounts collected from Sanit 1024. Concur—Tom, J.P., Andrias, Moskowitz and Richter, JJ.