■ DANIEL CHAMBERS, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [47 NYS3d 17]—

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered August 6, 2015, which recalled and vacated a prior order, same court and Justice, entered April 23, 2015, denying the City defendants' motion for summary judgment and plaintiff's cross motion for partial summary judgment on li-

ability, and, upon recall and vacatur, restored the motion and cross motion, unanimously affirmed, without costs. Order, same court and Justice, entered May 12, 2015, which granted the City defendants' motion for summary judgment and denied plaintiff's cross motion for partial summary judgment, unanimously affirmed, without costs. Order, same court and Justice, entered October 20, 2015, which denied plaintiff's motion to vacate the orders entered May 12, 2015 and August 6, 2015, unanimously affirmed, without costs.

This action seeks recovery for injuries allegedly sustained by plaintiff Daniel Chambers when the front wheel of the bicycle he was riding came into contact with gravel located around a large hole, near a manhole cover.

The court appropriately exercised its inherent authority by correcting its mistake of law in initially denying the summary judgment motion and cross motion as untimely (*see G.F.A. Advanced Sys., Ltd. v Local Ocean LLC*, 137 AD3d 479, 479 [1st Dept 2016]; *McMahon v City of New York*, 105 AD2d 101, 105-106 [1st Dept 1984]). Plaintiff was not prejudiced by the court's action, which allowed the motion and cross motion to be heard on the merits, as he had submitted opposition to the motion and had cross-moved, and oral argument had been held on the motion and cross motion.

The court properly dismissed the action as plaintiff failed to establish that an exception to the prior written notice requirement of Administrative Code of the City of New York § 7-201 (c) (2) is at issue here (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). The City's ownership of a manhole cover, which allows the City to access the sewer system and water pipes in order to perform maintenance and repairs, does not provide the City with "a special benefit from that property unrelated to the public use" (*Poirier v City of Schenectady*, 85 NY2d 310, 315 [1995]). Accordingly, it does not fall within the "special use" exception (*see Oboler v City of New York*, 8 NY3d 888, 890 [2007]; *Patterson v City of New York*, 1 AD3d 139, 140 [1st Dept 2003]; *see also Schleif v City of New York*, 60 AD3d 926, 928 [2d Dept 2009]; *ITT Hartford Ins. Co. v Village of Ossining*, 257 AD2d 606, 606-607 [2d Dept 1999]).

Plaintiff's reliance on *Posner v New York City Tr. Auth.* (27 AD3d 542 [2d Dept 2006]) is misplaced. *Posner* involved the use of a manhole by the New York City Transit Authority (NYCTA), for a proprietary function, that is accessing underground cables that fed power to a NYCTA substation (*id.* at 544; *see Huerta v New York City Tr. Auth.*, 290 AD2d 33, 38 [1st Dept 2001] [NYCTA's "maintenance of its subway stations is a

proprietary function"], *appeal dismissed* 98 NY2d 643 [2002]). Here, the purpose of the manhole cover was to access the City sewer system, not underground equipment or mechanisms.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.