Garcia v Thomas (2019 NY Slip Op 04682)





Garcia v Thomas


2019 NY Slip Op 04682


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-04784
 (Index No. 602295/14)

[*1]German Garcia, appellant, 
v
Theodore Thomas, et al., defendants, Incorporated Village of Freeport, respondent.


Raymond Ardito, Garden City, NY, for appellant.
Harris Beach, PLLC, Uniondale, NY (Kadion D. Henry of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Karen V. Murphy), dated April 10, 2017. The order, insofar as appealed from, granted the motion of the defendant Incorporated Village of Freeport for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 23, 2013, the plaintiff allegedly tripped and fell over a raised manhole cover located on a sidewalk in Freeport. In May 2014, the plaintiff commenced this action against, among others, the Incorporated Village of Freeport (hereinafter the defendant). The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, it did not have prior written notice of the defect, which was required, as it did not make special use of the manhole, which provided access to underground sewer drains. In an order dated April 10, 2017, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"Where . . . a municipality has enacted a prior written notice statute, it may not be subjected to liability for injuries caused by an improperly maintained street or sidewalk unless it has received written notice of the defect" (Cimino v County of Nassau, 105 AD3d 883, 884). There are two exceptions to the prior written notice laws: (1) where the locality created the defect or hazard through an affirmative act of negligence, and (2) where a special use confers a special benefit upon the locality (see Amabile v City of Buffalo, 93 NY2d 471, 474).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not receive prior written notice of the defect that allegedly caused the plaintiff's injuries, did not create the defect through an affirmative act of negligence, and did not derive a special benefit from a special use of the sidewalk at the location where the plaintiff fell (see Oboler v City of New York, 8 NY3d 888; Poirier v City of Schenectady, 85 NY2d 310, 315; Aleksandrova v City of New York, 151 AD3d 427, 428; Chambers v City of New York, 147 AD3d 471; Schleif v City of New York, 60 AD3d 926; Patterson v City of New York, 1 AD3d 139; ITT Hartford Ins. Co. v Village of Ossining, 257 AD2d 606).
In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of either of the two recognized exceptions to the prior written notice law (see Budoff v City of New York, 164 AD3d 737). Regarding the special use exception, our determination in Posner v New York City Tr. Auth. (27 AD3d 542) does not warrant a different result, as the facts in Posner are distinguishable from the facts in this case. In Posner, this Court determined that the defendant New York City Transit Authority derived a special benefit from a manhole containing cables that fed power to its substation. Here, however, the defendant's ownership of the subject manhole, which provided access to the sewer system, benefitted the public at large, and the defendant did not derive a special benefit therefrom (see Poirier v City of Schenectady, 85 NY2d at 315).
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court